

DIRECTOR OF STUDENT CONDUCT

November 5, 2025

Joshua Chronicles
Sent electronically to jmchroni@my.loyno.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2025018301

## NOTICE OF APPEAL DECISION

Dear Joshua,

I am writing to inform you that your submitted appeal materials and the original case file have been thoroughly reviewed by the University Board of Appeals, consisting of a faculty member, a staff member, and a student who have been trained in Loyola's appeal process. Your appeal, which was based on claims of *procedural error, new evidence,* and *disproportionate sanction(s),* has been carefully considered.

After a comprehensive review of your appeal, the accompanying case file, and all supporting documentation, the University Board of Appeals found no merit on any of the identified grounds for appeal. However, the Board determined that the original sanctions were not appropriate given the seriousness of the violations and elected to modify the sanctions to better reflect the serious nature of your actions.

Accordingly, the University Board of Appeals has **modified your sanction of suspension from one year to a two-year suspension.**

As noted in the Appellate Body's rationale, *"The extension to a two-year suspension provides a more than proportionate response that balances the goals of community safety, fairness, and the potential for reflection. We encourage the respondent to use this extended period to engage in personal reflection to better understand and amend his behavior before returning to his professional pursuits."*

Please see the attached document for the full rationale provided by the University Board of Appeals. This appellate decision represents the University's final resolution in this matter.

**<u>Charges</u>**

Abusive Conduct -- Responsible
Disruptive Conduct -- Responsible
Computer and Internet Use -- Responsible
Discrimination and Harassment Policy (Non-Title IX) -- Responsible
Failure to Comply with Administrative Instructions -- Responsible

**<u>Sanctions</u>**

**Disciplinary Suspension** - You are suspended from Loyola University New Orleans from November 4, 2025 to November 4, 2027. Unless otherwise directed, you are expected to attend class until the appellate decision has been made or the deadline for an appeal has passed without submission. If you fail to participate in the academic life of the University, you will be asked to check out of your residence hall space (if applicable) and/or be removed from campus immediately, without impact to the appeal decision.

If/when the suspension goes into effect, you are not allowed on campus. If you need to be on campus during the business day for official business, you must receive advanced approval from the Office of Student Affairs. In order to be eligible for re-admission, you must be in compliance with all aspects of this letter and Loyola's re-admission procedures. For additional info, please contact the Office of Student Affairs.

**Mental Health Evaluation and Treatment** - In order for you to return to the University, you will need to participate in a mental health evaluation and follow all treatment recommendations. The mental health evaluation must be completed by a licensed mental health provider. The mental health evaluation must conduct a comprehensive intake evaluation and provide treatment recommendations that you must complete prior to your return to the University. The cost of the assessment will be at your own expense. The mental health evaluator can submit their documentation to studentconduct@loyno.edu.

**Behavioral Mandates** - While you are on suspension and should you choose to return to Loyola University New Orleans after the suspension has ended, the Threat Assessment Team will require you to maintain actions in order to be considered for re-enrollment after your suspension and/or to remain enrolled in courses once you return to the University.

To comply with the required actions, you must complete the following:
1. Cease all forms of speech, writing, online communication, or actions that target individuals or groups based on gender, race, religion, sexual orientation, or any other protected status.
2. Discontinue making statements, jokes, or posts that demean, intimidate, or marginalize others.
3. Refrain from any language (in person, email, text, or social media) that is hostile, derogatory, or intended to cause emotional distress.
4. Cease making comments or threats of retaliation against any student, faculty, or staff member.
5. Discontinue using university email, platforms, or systems to send mass messages, disparaging remarks, or communications not consistent with university policy.
6. Refrain from using university resources to widely spread personal grievances or retaliatory statements.
7. Cease ignoring, challenging, or undermining directives from university administrators, faculty,

or staff acting within their roles.

8. Promptly follow all instructions related to conduct, communication restrictions, or behavioral expectations.

9. Discontinue any effort (directly or indirectly) to "seek retribution" or cause harm to individuals perceived to have caused personal harm.

10. Cease any behavior (in person or online) that disrupts university operations, events, classes, or administrative functions.

The requirements outlined above are mandatory and failure to comply with and/or complete the requirements would result in continuance of your suspension and/or an interim suspension during the conduct process given the inability of Loyola University New Orleans to guarantee your safety or the safety of others.

A copy of this letter will be kept in the student conduct file. If you have any questions, comments, or concerns about the content or context of this letter, please feel free to contact me via the contact information below.

**<u>Confidentiality Notice</u>**

This message is intended for use of the individual(s) or entity(ies) to which it is addressed and may contain information that is protected from public disclosure under the Federal Family Educational Rights and Privacy Act (20 U.S.C. 1232g). If the reader of this message is not the intended recipient, please be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by phone (504.865.3428) or by return e-mail, and permanently delete all copies of the original message. Thank you.

Sincerely,

Dallas Flint
Director of Student Conduct
504-856-3579

CC:  Dr. Alicia Bourque, Vice President of Student Affairs

## Summary of Appeal

The Appellate Body convened on Friday, October 31, 2025, to review the appeal submitted by the respondent in response to the Administrative Hearing outcome issued on October 28, 2025. Having reviewed the Respondent's appeal, the incident case file, and all relevant documentation in this incident in accordance with the criteria established in the Student Code of Conduct, we, the Appellate Body, have determined that the respondent's appeal has **no merit on any of the identified grounds for appeal.**

We have further determined, after reviewing the case file and administrative hearing notes, that the respondent's sanctions were not appropriate given the seriousness of the violations, and have found it appropriate to **modify the respondent's sanctions to reflect the serious nature of the respondent's actions.** Please see the Appellate Body's full rationale for this outcome and the modification of sanctions below.

## Respondent's Ground For Appeal

The respondent appealed the outcome of their administrative hearing on the grounds of Procedural Error, New Evidence, and Disproportionate Sanction(s). In our review of this case, we considered each of these criteria separately. The rationale of no merit for each of these criteria is further clarified below.

## Appeal Grounds 1: New Evidence - No Merit For Appeal

In the respondent's appeal, the respondent failed to meet the threshold for appeal on these grounds. The appeal form states that the respondent must:
- Outline a source of the new information and complete explanation of that information
- Outline the name(s) of the individual(s) who can present this information
- Outline the reason(s) why this information was not known at the time of the original hearing
- Outline the reason(s) why this information might have had a substantive effect on the determination(s) made in the original Hearing.

The appeal form places the burden of producing this evidence on the respondent. The respondent's appeal, while citing general grievances, failed to outline any specific sources of new information or name any individuals who could present this new information. As this information was lacking for the Appellate Body to review, we found no merit for appeal on these grounds.

## Appeal Grounds 2: Procedural Error - No Merit For Appeal

The respondent's appeal cites multiple alleged errors in procedure, all of which were individually evaluated against the student Code of Conduct, specifically *Section 5: Student Conduct Procedures*:

- **Error Cited:** *Only one of the two presiding hearing officers signed the outcome letter, despite both being present. The absence of the second officer's signature constitutes a material procedural defect.*
  - **Appellate Body Finding:** Per Section 5.6: *Hearing Outcome & Notice of Outcome*, a notice of outcome is not required to be signed by all Administrative Hearing Officers. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** *I was denied proper consideration of critical evidence, including my pending Title VI OCR complaint, communications regarding racial and religious harassment, and evidence from my completed mental health evaluation, which found no concerns.*
  - **Appellate Body Finding:** Per Section 5.3.b: *Rights of Students,* the respondent had the right to submit information for consideration by the applicable hearing body. The applicable hearing body has the discretion to determine the relevancy of the submitted information and whether they would consider it.. According to the case file, the respondent was notified of this right via the Notice of Administrative

Hearing letter, which was sent on October 10, 2025. While the record does show that the respondent sent several emails in relation to the incident in question and the resulting conduct case, upon review, the Appellate Body found that these emails did not contain information related to the alleged violations.

Regarding the respondent's concern about a pending Title VI complaint, the case file indicates that the respondent raised issues about the potential involvement of Ms. Dallas Flint as a hearing officer in this case. The Appellate Body found that this concern was formally noted, and following the respondent's initial Preliminary Conduct Meeting, Ms. Flint was removed from any role in the case. Hearing officers Chris Rice and Jolanda Taylor-Magee, neither of whom are directly or indirectly supervised by Ms. Flint or the Office for Student Conduct, were subsequently assigned to oversee the proceedings. Futhermore, the respondent was notified via the Notice of Administrative Hearing letter, that should he have any concerns regarding the selected hearing officers, the respondent needed to submit a Conflict of Interest Challenge Form no less than 3 days prior to his administrative hearing date. The Appellate Body found that no Conflict of Interest Challenge Form was submitted. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** *The hearing applied inconsistent standards and ignored procedural safeguards, demonstrating substantial bias in the adjudication.*
  - **Appellate Body Finding:** The respondent did not indicate which standards or safeguards were applied inconsistently, and based on the hearing outcome rationale, the Appellate Body did not find evidence to support the claim that inconsistent standards were applied or that safeguards were ignored. The record reflects that the Preliminary Conduct Meetings and Administrative Hearing followed the published student conduct process, and that the established preponderance of the evidence standard was applied appropriately. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** Failure of Notice and Opportunity to Respond - "I was not provided adequate written notice identifying which specific statements in my email were being construed as "harassment" or "abusive conduct,"
  - **Appellate Body Finding:** Per Section 5.4.d*: Rights of Respondents*, these items could be accessed in the case file provided to the respondent before the Preliminary Conduct Meetings and Administrative Hearing. Additionally, as outlined in the Notice of Preliminary Conduct Meeting and Notice of Administrative Hearing Letters, the respondent was provided an opportunity to seek clarification of the alleged violations during these meetings. Finally, the rationale for responsible findings was formally further clarified in the respondent's Notice of Administrative Hearing Outcome letter. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** Failure of Notice and Opportunity to Respond - "I was not given an opportunity to confront or cross-examine the evidence or testimony used against me."
  - **Appellate Body Finding:** Per the case file notice sent to the respondent on October 14, 2025, "There will be no individual complainant present at this hearing; the University is serving as the complainant. All witness statements have been included in the case file. During the hearing, you will have the opportunity to respond to the charges, address the witness statements and information from the hearing packet, and provide any information you wish the hearing officers to consider." **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** Predetermination and Lack of Impartiality - The hearing record reveals a presumption of guilt, evidenced by the panel's refusal to entertain or consult theological or pastoral experts capable of contextualizing my statements within accepted Christian religious discourse.
  - **Appellate Body Finding:** Per Section 5.1, the standard for determining responsibility is preponderance of the evidence, which the Appellate Body felt was met. Per Section 2: *Institutional Authority,* the code does not require a hearing board to entertain or consult with any outside

entities. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** Misapplication of Policy - The panel erred in conflating faith-based admonitions with harassment, ignoring that the content of my email fell within protected religious expression under the First Amendment and the university's stated Jesuit mission.
  - **Appellate Body Finding:** Per Section 6: *Student Rights And Freedoms*
    *"In keeping with the University's commitment to promoting free speech and expression, Loyola University New Orleans respects the right of all members of the academic community to explore, discuss, and express opinions, and debate issues publicly in a civil, orderly, and safe manner. These forms of expression—regardless of the content or viewpoints expressed—are permitted on campus so long as they are orderly, lawful, do not disrupt or interfere with the regular operations or authorized activities of the University, are consistent with the mission and goals of the University and comply with the requirements of this policy and all other policies within the Code, Faculty Handbook, and Human Resources Manual. Expression that is indecent, grossly obscene, or discriminatory on matters such as race, sex, color, national or ethnic origin, age, religion, disability, marital status, sexual orientation, genetic information, military status, gender or gender identity, or any other legally protected classification is inconsistent with the University's mission and will not be tolerated."*
  Based on the information presented in this case, the conduct engaged in by the student passed beyond the reasonably expected rights of the student. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

- **Error Cited:** Deviation from Evidentiary Standard - The "preponderance of the evidence" standard was misapplied, as no objective evidence demonstrated intent to harass or threaten; rather, findings were predicated on subjective interpretations of biblical language.
  - **Appellate Body Finding:** Per Section 5.1: *"Hearings pursuant to this Code utilize the preponderance of the evidence standard, which means whether it is more likely than not based on the full totality of the information presented that a respondent is responsible or not responsible for violation(s). The hearing bodies are not courts of law and their proceedings are not legal in nature. Formal rules of evidence applied in legal proceedings will play no role whatsoever in a hearing body's work other than the hearing body will endeavor to consider evidence which in its sole discretion is relevant."*
  Based on the information presented in this case, the evidentiary standard was met. **The Appellate Body concluded that the cited concern does not constitute a procedural error.**

## Appeal Grounds 3: Disproportionate Sanctions - Sanctions were insufficient.

In the Administrative Outcome Letter, the respondent was sanctioned to the following sanctions:
- Disciplinary Suspension from October 28, 2025, to October 28, 2026.
- Mental Health Evaluation and Treatment
- Behavioral Mandates

After a review of the respondent's appeal and all relevant case materials, the Appellate Body finds these sanctions insufficient. This determination was made following extensive consideration of the severity of misconduct, the impact on members of the university community, and the respondent's conduct during and following the disciplinary process.

The board finds that the respondent engaged in a pattern of harassment and threatening behavior toward multiple staff and faculty members. These communications included derogatory comments about faculty members' character, morality, and appearance. The tone, frequency, and content of these communications caused significant distress and fear, to the point that at least one faculty member reported feeling unsafe on campus unless accompanied by a Loyola

University Police Department officer. This behavior is a serious violation of university standards regarding respect, professional conduct, and community safety. It demonstrates an ongoing disregard for the well-being of others, well beyond what could be characterized as "religious" expression or disagreement.

Additionally, in his appeal, the respondent did not demonstrate any understanding of the seriousness of his actions or their impact on those affected. Rather than taking responsibility and apologizing for his actions, he characterized himself as the party wronged and alleged unfair discriminatory treatment without substantiating those claims. This lack of accountability and insight into the harm caused raises significant concerns about his readiness to return to campus, even in one year.

Given the severity of the misconduct and ongoing risk he presents to the Loyola community, the Appellate Body unanimously determined that the original sanction was insufficient to address the gravity of the violations and to support meaningful reflection and behavioral changes.

 Accordingly, the Appellate Body has decided to modify the respondent's original sanctions as follows:
- Disciplinary Suspension from November 4, 2025, to November 4, 2027.
- Mental Health Evaluation and Treatment, *as originally sanctioned*
- Behavioral Mandates, *as originally sanctioned*

The extension to a two-year suspension provides a more than proportionate response that balances the goals of community safety, fairness, and the potential for reflection. We encourage the respondent to use this extended period to engage in personal reflection to better understand and amend his behavior before returning to his professional pursuits.

**<u>Final Statement</u>**

This document, and all findings therein, represent the final determination of the Appellate Body in the matter of the Appeal of Conduct Case Number 2025018301. This decision reflects the Board's complete review of the appeal materials, the case file, and applicable university policy, and is submitted to the Office of Student Conduct as a final decision in this matter.