UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA CHRONICLES | CIVIL ACTION |
| VERSUS | No. 25-2211 |
| LOYOLA UNIVERSITY NEW ORLEANS | SECTION I |

ORDER AND REASONS

Before the Court is *pro se* plaintiff Joshua Chronicles's ("plaintiff") motion[1] for a temporary restraining order ("TRO"). For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's motion.

## I. BACKGROUND

Plaintiff is a third-year law student at defendant Loyola University New Orleans ("defendant").[2] On October 17, 2025, he was subject to an administrative disciplinary hearing regarding "an incident that occurred on or around September 28, 2025."[3] The administrative hearing outcome document attached to plaintiff's complaint indicates that the incident involved an email sent by plaintiff to university administrators and faculty members that allegedly violated defendant's School Code of Conduct.[4] Plaintiff was found responsible for violating the Student Code of Conduct, specifically, the abusive conduct policy, the disruptive conduct policy, the computer and internet use policy, the discrimination and harassment policy, and the

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1, at 7.
[3] *See* R. Doc. No. 1-3, at 2.
[4] *See id.* at 2–3.

failure to comply with administrative instructions policy.[5] Defendant suspended plaintiff for one year beginning on October 28, 2025.[6]

Shortly thereafter, plaintiff brought this suit against defendant, alleging that "the suspension is grossly disproportionate, procedurally flawed, and motivated by racial, religious, and gender bias."[7] On the Civil Cover Sheet, plaintiff identifies the causes of action as arising under "Title IX and Title VI."[8] In his complaint, plaintiff states that jurisdiction "arises under . . . 42 U.S.C. § 1983, and the Due Process Clause of the U.S. Constitution."[9] His complaint also states that plaintiff has "filed a Title VI complaint with OCR regarding racial, religious, and gender-based discrimination and retaliation."[10] Plaintiff seeks, among other relief, an "[i]mmediate temporary restraining order (TRO) halting enforcement of [his] suspension."[11]

On November 3, 2025, summons as to defendant was issued.[12] That same day, plaintiff filed a motion to supplement his TRO request.[13] The supplement includes a medical record from the VA Emergency Department that indicates that plaintiff was seen on November 3, 2025, "for issues related to PTSD, insomnia, and anxiety due to recent life/social stressors."[14] Plaintiff states that these medical issues were "due to

---

[5] *Id.* at 2.
[6] *See id.* at 4.
[7] R. Doc. No. 1, at 7.
[8] R. Doc. No. 1-4, at 1.
[9] R. Doc. No. 1, at 8.
[10] *Id.* at 7, 11.
[11] *Id.* at 9.
[12] R. Doc. No. 5.
[13] R. Doc. No. 7.
[14] R. Doc. No. 7-1, at 1.

Defendant's suspension" of him, and that his "[r]einstatement [is] medically required."[15]

On November 5, 2025, plaintiff filed an "emergency motion for immediate TRO," which states that defendant "doubled [plaintiff's] suspension from 1 to 2 years, 8 days after" he filed his complaint.[16] The motion includes a "Notice of Appeal Decision" from defendant's Director of Student Conduct that informs plaintiff of the appellate review of his disciplinary case.[17] The notice states that after reviewing the appellate materials, "the Appellate Body unanimously determined that the original sanction was insufficient to address the gravity of the violations and to support meaningful reflection and behavioral changes," and it modified the original sanctions such that plaintiff's disciplinary suspension now runs from November 4, 2025, to November 4, 2027.[18] He also filed a motion to expedite consideration of his motion for TRO that same day.[19]

Plaintiff states in his motion for TRO that "immediate and irreparable injury will result before Defendant can be heard due to retaliatory 2-year suspension and VA-documented acute PTSD decompensation from November 3-5, 2025."[20] He asks this Court to enjoin his 2-year suspension, order his immediate reinstatement, set a

---

[15] *See* R. Doc. No. 7, at 1–2; *see also* R. Doc. No. 8, at 2 ("Causation: 'Solely triggered by Loyola suspension and retaliation.'").
[16] *See* R. Doc. No. 8, at 1.
[17] *See* R. Doc. No. 8-3, at 1–7.
[18] *Id.* at 7.
[19] *See* R. Doc. No. 9.
[20] R. Doc. No. 8, at 1.

hearing for after his final exams in December 2025, and "GRANT expedited discovery on appeal process and PTSD knowledge."[21]

There is no indication in the record that defendant has been served, and no counsel has filed an appearance on behalf of defendant. Defendant has not responded to any of plaintiff's filings.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 65(b) explains that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:"

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"The Rule 65(b)(1) criteria are strict requirements, not mere technicalities, that establish minimum due process." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020) (Ashe, J.) (internal modifications omitted).

With respect to notice, "[t]he normal circumstances for which a district court is justified in proceeding ex parte is where notice to the adverse party is impossible, or in cases where the adverse party is unknown or is unable to be found." *Evans v. Select Jan. Six Comm.*, No. 22-682, 2022 WL 17724137, at *4 (E.D. Tex. Dec. 15,

---

[21] *Id.* at 3.

2022). The moving party must make "a clear showing that immediate and irreparable injury will result *before* the adverse party can be heard" for the court to issue a TRO *ex parte*. *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 14-3625, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014).

A plaintiff proceeding *pro se* must "still demonstrate facts that would entitle him to the relief requested," including ex parte injunctive relief. *See Martono-Chai v. Williams*, No. 25-578, 2025 WL 974251, at *1 (E.D. La. Apr. 1, 2025) (Barbier, J.); *see also Hampton v. First Guar. Mortg. Corp.*, No. 16-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) ("[W]hile the Court is aware that the Plaintiff is proceeding pro se, she has failed to certify in writing any efforts made to give notice to the Defendants, nor has she stated the reasons why notice should not be required.").

### III.   ANALYSIS

Plaintiff has failed to comply with the requisites of Rule 65(b), and, therefore, the Court cannot issue the *ex parte* TRO he seeks. First, plaintiff has not submitted an affidavit or verified complaint.[22] *Cf. Brown v. Tokpah*, No. 21-1844, 2021 WL 4845781, at *1 (E.D. La. Oct. 18, 2021) (Milazzo, J.) ("Plaintiff's Complaint and Amended Complaint are not verified, and although one references Plaintiff's affidavit in multiple paragraphs, no such document is attached to either pleading. Thus, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65."); *Stone Metals Am., LLC v. Eubank*, No. 20-0253, 2020 WL 570906, at *2 (N.D. Tex. Feb. 5, 2020) ("[B]ecause Plaintiff did not file a verified complaint, these allegations cannot satisfy

---

[22] *See* R. Doc. Nos. 1, 7–9.

Plaintiff's burden under Rule 65(b)(1)(A)."). Even if the Court were to consider the unverified allegations in plaintiff's filings, plaintiff makes no effort to establish that irreparable harm will result *before* defendant is given an opportunity to respond. *See Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *5 (E.D. La. Oct. 16, 2020) ("Plaintiffs have not begun to carry their heightened burden under Rule 65(b)(1)(A) of showing that immediate and irreparable injury 'will result' in the short period needed for [the defendant] to respond."); *see also Stone Metals Am.,* LLC, 2020 WL 570906, at *2 ("For all of his statements claiming irreparable harm resulting from both Defendants' actions, [the] declaration is missing the key requirement: 'specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition.*'" (emphasis in original)).

Plaintiff's filings also have not certified that he has made any effort to notify defendant of the motion for TRO, nor has he explained why he should not be required to provide notice to defendant of the same. *See Silver v. Off. of Att'y Gen.,* No. 24-1298, 2025 WL 890734, at *1 (W.D. Tex. Mar. 10, 2025), *appeal dismissed*, No. 25-50350, 2025 WL 3079092 (5th Cir. June 4, 2025) (denying plaintiff's request for ex parte relief because plaintiff had not "certif[ied] in writing any efforts made to give notice to Defendants or why notice should not be required."). Although the record indicates that summons has been issued as to defendant, no proof of service has been filed in the record.[23]

---

[23] *See* R. Doc. No. 5.

A plaintiff's "noncompliance with Rule 65, alone, is sufficient for the Court to deny the motion." *Howell v. Lake Villas No. 2 Homeowners Ass'n*, No. 18-14332, 2019 WL 95472, at *1 (E.D. La. Jan. 3, 2019) (Africk, J.); *see also Goodson v. City of Dallas*, No. 25-816, 2025 WL 1373737, at *2 (N.D. Tex. Apr. 7, 2025), *report and recommendation adopted*, No. 3:25-816, 2025 WL 1333657 (N.D. Tex. May 7, 2025) ("[Plaintiff's] failure to satisfy Rule 65(b)(1)'s requirements, standing alone, is a sufficient basis to deny his request for a TRO.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's *ex parte* motion[24] for a temporary restraining order is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion[25] to expedite is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion[26] to supplement the TRO is **DISMISSED AS MOOT**.

New Orleans, Louisiana, November 10, 2025.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 8.
[25] R. Doc. No. 9.
[26] R. Doc. No. 7.