UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSHUA CHRONICLES**                                              **CIVIL ACTION**

**VERSUS**                                                         **NUMBER: 25-2211**

**LOYOLA UNIVERSITY NEW ORLEANS**                                  **SECTION: "I" (5)**

## ORDER AND REASONS

Before the Court is a Motion to Appoint Counsel (rec. doc. 13) filed by Plaintiff Joshua Chronicles ("Plaintiff"). The original motion (rec. doc. 11) has been superseded by Plaintiffs amended Motion to Appoint Counsel filed on November 11, 2025. (Rec. doc. 13). Having reviewed the pleading and the case law, the Court rules as follows.

**I.     Background**

On October 29, 2025, *pro se* and *in forma pauperis* (rec. doc. 3) Plaintiff, Joshua Chronicles filed claims under 42 U.S.C. § 1983, Title VI, Title IX, and the First Amendment, arising from retaliation, racial and religious discrimination, and procedural due process violations by Loyola University New Orleans ("Loyola") personnel. (Rec. doc. 1). Plaintiff is a third-year law student at Loyola and claims to currently experience suspension from Loyola University, retaliation for protected religious expression, racial and religious discrimination, and sever exacerbation of service-connected PTSD and related symptoms.[1]

Much of the Complaint centers around an incident that occurred on or about September 28, 2025, where Plaintiff claims he drafted emails intended for his personal church email account. (Rec. doc. 13). He further alleges that these drafts were never sent to

---

[1] Plaintiff has further filed a Notice of Continuing Harm and Urgent Request for Expedited Consideration of Motion to Appoint Counsel (rec. doc. 12) and a Notice of Continuing Harm and Renewed Request to Preserve Status Quo Pending Appointment of Counsel (rec. doc. 14). A mere filing of a notice is not a motion or a cause of action upon which this Court can grant relief or issue a substantive ruling,

Loyola but were accessed by unauthorized Loyola personal and altered for disciplinary proceedings. (*Id.*). Prior to these events, Plaintiff reported faculty misconduct, including sexual assault, racial discrimination, and inappropriate conduct. (*Id.*). He claims these protected reports led to retaliation through manipulation of digital records and disciplinary actions. (*Id.*). A disciplinary hearing was held on October 17, 2025, in which Plaintiff contends he was denied the ability to record the proceeding, had key exculpatory evidence excluded or altered, and was sanctioned in retaliation for protected speech and reporting misconduct (*Id.*). As a result of this administrative hearing, Plaintiff was found responsible for multiple alleged violations and assigned a one-year suspension, despite being five months from graduation. (Rec. doc. 1).

In Plaintiffs Amended Motion to Appoint Counsel (rec. doc 13), he requests appointment of counsel due to the legal complexity of his case, the constitutional issues, and Plaintiff's current medical and psychological limitations. (Rec. doc. 13). Plaintiff seeks appointment of an attorney from the Eastern District of Louisiana Civil Pro Bono Panel to represent him. (*Id.*).

II.   **Law and Analysis**

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th

Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

    The evidence which must be adduced includes

(1)    plaintiff's indigence and
(2)    efforts made to secure counsel.

However, these are bare minimum *threshold* considerations. Additionally, the Court should consider the following factors:

(a)    the type and complexity of the case;
(b)    whether the indigent is capable of presenting his case adequately;
(c)    whether he is in a position to investigate his case adequately; and
(d)    whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213. The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

    This Court granted Plaintiff pauper status, and he is thus indigent. (Rec. doc. 3). Further, Plaintiff has indicated he made an effort to obtain private counsel from Lento Law Firm, Fire Legal Network, and Southeast Louisiana Legal Services on November 5, 6, and 7 respectively. (Rec. doc. 14). Plaintiff claims all inquiries declined his request for legal services due to case complexity and Plaintiff's indigence. (*Id.*). Further, Plaintiff argues this case

involves overlapping, complex claims such as first amendment retaliation, Title VI and Title IX discrimination, § 1983 constitutional violations, and unauthorized access and spoliation of digital evidence, and procedural due-process violations in disciplinary proceedings. (Rec. doc. 13). Plaintiff additionally points to the promotion of judicial efficiency explaining that appointed counsel can manage discovery, streamline legal argumentation, ensure adherence to the Federal Rules of Civil Procedure, and aid the Court in efficient adjudication. (*Id.*). Lastly, Plaintiff claims he faces time-sensitive educational deadlines, bar exam eligibility concerns, and worsening medical conditions, which create an urgent need to preserve rights and evidence. (*Id.*).

While the Court appreciates Plaintiffs efforts in presenting further considerations for the appointment of counsel, it is not appropriate to do so at this time. Plaintiff is a third-year law student and thus has a heightened understanding of the law compared to the general public. So far, Plaintiff has been able to file a complaint, motions, and notices while being a *pro se* litigant. Although some of the legal issues allegedly at issue may be complex areas of law, the Plaintiff has the burden of working up those claims based on his own personal experiences. Additionally, the Plaintiff has taken Federal Civil Procedure, Constitutional Law, and Legal Writing courses while enrolled in law school. Thus, it is reasonable to assume Plaintiff knows how to adhere to the Federal Rules of Civil Procedure and Local Rules. The Pro Se Unit for this Court encourages the revision of the handbook titled "Representing Yourself in Federal District Court" which provides information regarding jurisdiction and venue, motion practice, discovery, and preparation for trial.

4

### III.   Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Amended Motion to Appoint Counsel (rec. doc. 13) is **DENIED** at this time and Plaintiff's Motion for Appointment of Counsel (rec. doc. 11) is **DENIED** as **MOOT**. After further development in this case should circumstances arise making the appointment of counsel clearer, the Plaintiff reserves the right to move for the Court to do so.

New Orleans, Louisiana, this 25th day of November, 2025.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**