UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA CHRONICLES                                        CIVIL ACTION

VERSUS                                                   NUMBER: 25-2211

LOYOLA UNIVERSITY NEW ORLEANS, ET AL.                    SECTION: "I" (5)

### ORDER AND REASONS

Before the Court is the Motion for Reconsideration of Order Denying Appointment of Counsel (rec. doc. 18) filed by *pro se* and *in forma pauperis* (rec. doc. 3) Plaintiff Joshua Chronicles ("Plaintiff"). Having reviewed the pleading and the case law, the Court rules as follows.

### I.   Background

On October 29, 2025, Plaintiff filed claims under 42 U.S.C. § 1983, Title VI, Title IX, and the First Amendment, arising from retaliation, racial and religious discrimination, and procedural due process violations by Loyola University New Orleans ("Loyola") personnel. (Rec. doc. 1). Plaintiff then filed an Amended Motion to Appoint Counsel (rec. doc 13) requesting appointment of counsel due to the alleged legal complexity of his case, the constitutional issues, and Plaintiff's current medical and psychological limitations. (Rec. doc. 13).

This Court denied Plaintiffs Amended Motion to Appoint Counsel while reserving his right to raise this request at a later time. (Rec. doc. 16). The Court explained that should circumstances arise after further development in this case making the appointment of counsel clearer, Plaintiff reserved the right to move for the Court to do so. (*Id.*).

Three days later, Plaintiff filed his motion for reconsideration. (Rec. doc. 18). He claims reconsideration is warranted due to new circumstances, lack of considering material facts, and due to the interests of justice. (*Id.*).

## II.     Law and Analysis

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration. *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). They are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

Plaintiff has not established that reconsideration is proper. He has misconstrued the Courts order (rec. doc. 18) stating that reconsideration may be warranted only after further development in this case. There has been no further development. Plaintiff has not provided the Court with any additional information that has not already been considered. Relevant motions that may warrant reconsideration such as Plaintiffs Motion for Ada/Rehabilitation Act Accommodations and Request to File Medical Documents Under Seal (Rec. doc. 17) and the Motion to Seal Prior and Future Medical, Disability, and VA-related Filings (Rec. doc. 20)

have been dismissed as premature. (Rec. doc. 36). Therefore, no new circumstances have arisen for the Court's review.

As this Court has previously explained, there is no Sixth Amendment right to counsel in a civil case, so the court may not appoint counsel as a matter of course or ordinary practice. *Hadd v, LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001). Counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity of the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence. *Encalade v. Biggs*, 2023 WL 7398221 (E.D. La. Oct. 12, 2023). The Court has already taken these factors into consideration with its order denying appointment. (*See* rec. doc. 16). With no further development in the case, reconsideration is not proper at this time.

### III. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Order Denying Appointment of Counsel (rec. doc. 18) is **DENIED WITHOUT PREJUDICE** to his right to re-urge his request <u>after</u> completion of the Court's review of Plaintiffs ADA medical documentation.

New Orleans, Louisiana, this  8th  day of     December    , 2024.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3