UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA CHRONICLES                                           CIVIL ACTION

VERSUS                                                      No. 25-2211

LOYOLA UNIVERSITY NEW ORLEANS                               SECTION I

ORDER AND REASONS

Before the Court is the motion[1] filed by *pro se* plaintiff Joshua Chronicles ("plaintiff") to require that all communications be made via CM/ECF only and for reporting of any future off-record contact.

Plaintiff's motion states that he has "received unsolicited direct outreach from individuals asserting authority on behalf of Defendant" Loyola University New Orleans ("defendant") and that these communications come "[p]rior to formal appearance of defense counsel."[2] Plaintiff represents that "any off-docket communications create: [r]isk of procedural confusion, [p]otential ethical concerns, and [a]bsence of judicial recordkeeping for all case-related contact."[3] He asks the Court to order that defendant and its representatives communicate with him "exclusively via CM/ECF filings."[4] He also asks that the Court require "notification to the Court should any future case-related contact occur outside CM/ECF."[5]

---

[1] *See* R. Doc. No. 41.
[2] *Id.* at 1. The Court notes that defendant has still not yet been served in this matter, and it has not yet entered an appearance.
[3] *Id.*
[4] *Id.*
[5] *Id.*

According to plaintiff, this will create "clear boundaries," which will, in turn, ensure "[e]qual access to justice, [p]rotection against pressure outside judicial oversight, [and] [a] clean and permanent record of all communications."[6] Plaintiff cites no caselaw or rule that supports his position and request.[7]

The Court declines to grant plaintiff's request. Counsel in any given civil matter will regularly be required to meet and communicate informally with one another outside the purview of the Court. In fact, the Federal Rules of Civil Procedure contemplate such out-of-court meetings and communications. *See, e.g.*, FED. R. CIV. P. 26(f); FED. R. CIV. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must* include a certification that the movant has *in good faith conferred or attempted to confer* with the person or party failing to make disclosure or discovery in an effort to obtain it *without court action*.").

Although counsel to a represented party is generally obliged to avoid direct contact with an opposing party who is represented by counsel,[8] defense counsel in this case necessarily will communicate directly with plaintiff because he is proceeding *pro se. Cf. Carter v. H2R Rest. Holdings, LLC*, No. 16-1554, 2016 WL 11664124, at *3 (N.D. Tex. Oct. 31, 2016) ("The Court will not penalize [the defendant] for complying

---

[6] *Id.*
[7] *See generally id.*
[8] *See* MODEL RULES OF PRO. CONDUCT r. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person *the lawyer knows to be represented by another lawyer in the matter*, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order. (emphasis added)).

2

with its obligation to avoid contact with a party *represented by counsel* – although it notes that [the defendant's] counsel *must now communicate with Plaintiff directly* since she is proceeding in the action pro se." (emphasis added)).

Moreover, there is nothing to indicate that these alleged communications from defendant's representatives, which, notably, plaintiff has not provided to the Court, are harassing or otherwise improper. *Cf. Houghtaling v. Eaton,* 559 F. Supp. 3d 164, 170 (W.D.N.Y. 2021) ("Plaintiff is reminded that, as a result of his *pro se* status, *he is required to communicate with both the Court and defense counsel* to ensure an orderly and efficient disposition of his case, and defense counsel's attempts to communicate with him—at least those offered by Plaintiff and reviewed by the Court—do not qualify as 'harassment.'"); *Tubwell v. Specialized Loan Servicing, LLC*, No. 17-15, 2018 WL 11417595, at *2 (N.D. Miss. Aug. 21, 2018) ("Parties to litigation in this court, by and through counsel or in their own behalf when proceeding pro se, routinely communicate informally with one another by email, but this should not be construed as a waiver of service of papers required to be served by the [Federal Rules of Civil Procedure] in the manner required by the rules."). The Court sees no reason at this juncture to require that all communications between the parties be made exclusively via the docket or that all such communications should be reported to the Court.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **DENIED.**

New Orleans, Louisiana, December 10, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE