**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA CHRONICLES** | **CIVIL ACTION NO. 2025-cv-2211** |
| **VERSUS** | **JUDGE CRAIN** |
| **LOYOLA UNIVERSITY NEW ORLEANS** | **SECTION "C"** |
| | **MAGISTRATE NORTH** |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6)</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Loyola University New Orleans ("Loyola"), which submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(B)(6). Plaintiff's Complaint fails to state a cause of action because his Complaint contains nothing more than a listing of claims and requests for relief, without any facts supporting the claims listed or showing that he is entitled to any requested relief. A mere recitation of claims does not state a claim upon which relief can be granted, and Loyola's Motion to Dismiss should be granted.

## <u>FACTUAL BACKGROUND</u>

Plaintiff was a third-year law student at Loyola who was suspended after a hearing, appeal, and disposition related to charges made against Plaintiff under Loyola's Code of Student Conduct. Plaintiff engaged in an email campaign to Loyola faculty and administrators (particularly female faculty and administrators) warning them against taking routine administrative actions that they were required to take under law and Loyola policy. Plaintiff's emails made certain female faculty and administrators feel unsafe such that those Loyola employees consulted with Loyola University Police Department to develop safety planning while they were at work. Some of those plans included keeping offices locked to ensure that Plaintiff would not be able to access female

employees who he had "warned."

Plaintiff's email to female administrators included the following statements:

- To Every Woman Who is Receiving This Email
- You have walked in darkness.
- You have manipulated, deceived, and scorned the innocent.
- You have exalted degrees, titles, and power above the will of God.
- You are a part of the bad behavior or have tolerated behavior that degrades human dignity, fosters a hostile environment, and contradicts the mission you claim to uphold.
- You are involved in or have ignored racial slurs, mocking, intimidation, sexual misconduct, and acts of cruelty.
- You have dismissed complaints. You are or have protected the wicked.
- Do not mistake my words for threats. They are warnings.
- You cannot hide. You cannot silence the righteous.
- The hour of decision is now. The choice is yours. Repent, or continue in pride, and the consequences of your actions will follow.

Exhibit A, Email from Plaintiff to various female administrators.

These statements created an atmosphere of fear amongst numerous female employees such that Loyola Police Department, Loyola's Threat Assessment Team, and the University President and Provost became involved in ensuring campus safety. One administrator emailed Loyola Police Department after receiving Plaintiff's email stating:

> I wanted to share this email with you that I received from Law student, Joshua Chronicles. I am very concerned and fearful of his email and he stipulates he is warning us…would your officers be able to visit the [] and [] offices from time to time until this has been resolved? Any other suggestions or assistance you can provide would greatly be appreciated.

Exhibit A, Email from staff to Loyola Police Department.

This was not Plaintiff's first time engaging in such an email campaign, and Plaintiff had been counseled previously about Loyola's requirements under the Student Code of Conduct. More specifically, Plaintiff had been counseled regarding Loyola's rules regarding Computer and Internet Usage, Disruptive Conduct, and Failure to Comply with Administrative Instructions. *See* https://studentaffairs.loyno.edu/sites/default/files/2025-08/4_2025-

2026_Code_Section_IV_Student_Responsibilities.pdf.  In fact, the Dean of the College of Law met with Plaintiff a year before this lawsuit was filed to discuss his behavior and concerns that Plaintiff would not pass the character and fitness portion for of the bar exam in light of his threatening behavior and pending conduct proceedings with the university.  Exhibit B, Letter from Dean Madeleine Landrieu to Plaintiff.

In spite of this, Plaintiff engaged in this most recent behavior which led to charges being filed against him under the Student Code of Conduct ("Code").

Pursuant to the procedures set forth in the Code, a hearing was held, and Plaintiff was found responsible for the charges filed.    https://studentaffairs.loyno.edu/sites/default/files/2025-08/5_2025-2026_Code_Section_V_Student_Conduct_Procedures.pdf.    A sanction of one-year suspension was imposed as a result of the determination at the hearing.    *See* Exhibit C.  Plaintiff appealed the decision, and the University Board of Appeals ("UBA"), which is made up of one student, one staff, and one faculty, upheld the hearing officers' decision to find Plaintiff responsible for all charges.  The UBA upheld all sanctions and decided to increase the one-year suspension to a two-year suspension.  The UBA stated in its rationale:

> The extension to a two-year suspension provides a more than proportionate response that balances the goals of community safety, fairness, and the potential for reflection. We encourage the respondent to use this extended period to engage in personal reflection to better understand and amend his behavior before returning to his professional pursuits.

Exhibit D, UBA Decision.

Dissatisfied with the hearing officers' decision and the UBA's subsequent decision, Plaintiff filed this lawsuit, submitted a complaint with the Department of Education Office of Civil Rights ("OCR"),[1] and submitted a complaint to the Louisiana Board of Regents ("BOR").[2]

---

[1] Loyola will respond to this complaint based upon any request received from OCR.
[2] The BOR referred Plaintiff's complaint back to Loyola to address.

Plaintiff's Complaint contains no allegations supporting the list of claims set forth in the Complaint. The mere recitation of claims, elements of claims, and supporting evidence is not sufficient to state a claim for which relief may be granted, and Loyola's Motion should be granted.

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a party may move for dismissal of "a claim for relief in any pleading" that fails "to state a claim upon which relief can be granted." Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient;" rather, the pleading "must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk*, 493 F.3d at 1177 (emphases in original).

The Court does not "weigh potential evidence that the parties might present at trial," but assesses whether the complaint "alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation omitted). In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. All well-pleaded facts are assumed to be true and are construed in the light most favorable to the non-moving party. *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 700 (10th Cir. 2014). Although a plaintiff need not allege every element of his action in specific detail, he cannot rely on conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1113 (10th Cir. 1991) (internal citations omitted).

In this case, Plaintiff has done nothing but rely on conclusory allegations and a recitation of claims without sufficiently describing any facts to support the alleged claims. The Plaintiff has failed to state a claim upon which relief can be granted.

## I.    PLAINTIFF'S COMPLAINT DOES NOT SATISFY THE REQUIREMENTS OF FED. R. CIV. PROC. 8(a)(2) TO PROVIDE NOTICE OF CLAIMS.

Fed. Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> The requirements of a complaint may be stated, in different words, as being a statement of facts showing (1) the jurisdiction of the court; (2) ownership of a right by plaintiff; (3) violation of that right by defendant; (4) injury resulting to plaintiff by such violation; and (5) justification for equitable relief where that is sought. * * * The complaint is completed by a demand for relief.

*Pierce v. Wagner*, 134 F.2d 958, 960 (9th Cir. 1943) (quoting *Patten v. Dennis*, 134 F.2d 137 (9th Cir. 1943)). "A complaint must give the opposing party 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Underwood v. Archer Mgmt. Servs., Inc.*, 857 F. Supp. 96, 97 (D.D.C. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

The Complaint generally states that Plaintiff was subjected to racial slurs, harassment, sexual harassment, retaliation, and white supremacy. The Complaint does not contain any details about who, when, and under what circumstances these alleged statements were made and actions occurred. Further, the Complaint does not specify what the statements or actions were that were harassing. The Complaint only states that Plaintiff was sexually harassed by multiple professors, although Loyola's Title IX office has no record that Plaintiff ever made any complaints of sexual harassment. The Complaint states that Loyola retaliated against Plaintiff because he submitted complaints, but the Complaint does not specify when and what prior complaints were made to Loyola. In fact, Plaintiff never made any reports of harassment through Loyola's reporting system,

and there is no record of such complaints.

The only other allegations contained in the Complaint support the fact that Loyola followed its policies and provided Plaintiff notice, an opportunity to be heard, and an appeal related to disciplinary charges against Plaintiff. In short, there was no due process violation, and Plaintiff is not entitled to relief related to any alleged due process violation.

Plaintiff's Complaint does not sufficiently provide notice of his claims and fails to satisfy the requirements of Fed. R. Civ. Proc. 8(a)(2). Courts have dismissed similar claims that lack sufficient specificity to provide defendants notice and the ability to answer or defend against purported claims. *Brown v. Monsanto Co.*, 614 F. Supp. 3d 929, 937 (D. Kan. 2020) (dismissing complaint because it did not meet its obligation to make clear exactly who is alleged to have done what to whom); *Muttitt v. Department of State*, D.D.C.2013, 926 F.Supp.2d 284 (general allegations that agency had, on several occasions, denied requests for expedited processing and fee waivers for FOIA request, was insufficient to state a claim for relief against the agency); *Jordan v. U.S. Attorney's Off.*, 882 F. Supp. 2d 84, 87 (D.D.C. 2012) (dismissing complaint that failed to describe the time, place and circumstances of the alleged assault, nature and extent of alleged injuries).

Plaintiff simply provided a list of "Claims for Relief" without any factual allegations to support these alleged claims. Plaintiff's failure to describe what prior complaints were filed, what retaliatory actions occurred, or the time, place, and circumstances of the alleged harassment is insufficient to provide notice of his claims, and Plaintiff's Complaint should be dismissed.

## II.    PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE PLEADING REQUIREMENTS SET FORTH IN *TWOMBLY* AND *IQBAL*.

The Plaintiff's Complaint is nothing more than a listing of potential claims and requests for relief without any facts to support any claim or entitlement to relief. The Supreme Court in

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–58, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964–65 (alteration in original) (internal citations omitted). The Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 & n. 3. *See also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–32 (3d Cir. 2008).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the Court heavily relied upon its prior holding in *Twombly* and stated that a complaint must be more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In *Iqbal*, the Court noted two working principles that underlie its decision in *Twombly*. First, the concept that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S at 555, 127 S.Ct. 1955) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (internal quotation marks omitted)). Second, a complaint must state a plausible claim for relief to survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S at 555 at 556, 127 S.Ct. 1955). Where the well-pleaded facts in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.*; Fed. Rule Civ. Proc. 8(a)(2).

In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), the Supreme Court further explained that something beyond the mere possibility of loss causation must be alleged or else a plaintiff with "'a largely groundless claim'" would be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Id.* at 347 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)).

When the allegations in a complaint, however true, cannot raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time

and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citing 5 WRIGHT & MILLER § 1216, at 233–234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D.Hawai 1953)); *see also Dura, supra*, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp.2d 986, 995 (N.D.Ill.2003) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

Plaintiff's Complaint is precisely the type of complaint that should be dismissed under *Twombly* and *Iqbal*. Plaintiff has simply recited causes of action by referring to constitutional protections and civil rights laws (e.g., due process, Title IX, Title VI) without any factual allegations showing that those provisions of law have been violated or that Plaintiff is entitled to any relief under these laws. Although Plaintiff has set forth requests for certain relief, there are no factual allegations showing why any of Loyola's actions warrant granting Plaintiff such relief. Plaintiff also set forth labels and conclusions that Loyola and/or some of its professors harassed, discriminated against, and retaliated against Plaintiff without providing any details about who, what, when or where the harassment, discrimination, and retaliation were committed. As stated in *Iqbal*, Plaintiff's Complaint is nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" that must be dismissed rather than allowing this groundless lawsuit to proceed to the costly protracted discovery phase. Plaintiff's Complaint simply does not set forth a plausible claim for which Plaintiff is entitled to relief.

The crux of Plaintiff's Complaint is that he is unhappy that he was suspended by Loyola for his behavior – behavior that he does not deny. Plaintiff makes the conclusory allegation that the suspension was imposed unfairly and the process was procedurally flawed. Again, Plaintiff failed to identify any particular Loyola policy that was not followed in the disciplinary

proceedings.  Plaintiff attached several emails to his Complaint in which he complained about parking tickets issued to him and requested that Dallas Flint, Loyola's Director of Student Conduct, be recused from his disciplinary proceedings.  What is clear from the emails is that Ms. Flint, although she is the Director of Student Conduct, did not handle Plaintiff's disciplinary hearing.  It was handled by Chris Rice (Director of Residential Life) and Jolanda Taylor (Director of Multicultural Student Affairs).  *See* Rec. Doc. 1-3 at p. 18 of 27; Exhibit C.  Plaintiff cannot cite any Loyola policy that was not followed in imposing the disciplinary sanction of suspension, and Plaintiff certainly did not allege any facts to show that Loyola violated its policies or violated due process when it provided notice, an opportunity to be heard, and an appellate process related to Plaintiff's suspension.

## III.    CONCLUSION

Plaintiff has failed to satisfy the requirements of Fed. Rule of Civ. Proc. 8(a)(2), *Twombly*, and *Iqbal*, and Loyola's Motion to Dismiss pursuant to Fed. Rule of Civ. Proc. 12(B)(6) should be granted.  Plaintiff's Complaint is devoid of any factual allegations setting for a plausible claim and any entitlement to relief.  Plaintiff's Complaint amounts to nothing more than a recitation of legal principles and demands for relief without any factual allegations showing that Loyola violated any laws entitling Plaintiff to relief.  Plaintiff is simply unhappy that Loyola followed its own policies and imposed a proper disciplinary sanction for Plaintiff's behavior.  Plaintiff's groundless lawsuit should not be allowed to proceed.

Respectfully submitted,


/s/*Sharonda R. Williams*

_____
Sharonda R. Williams (La. Bar No.: 28809)
LOYOLA UNIVERSITY NEW ORLEANS
6363 St. Charles Avenue, CB 58
New Orleans, Louisiana 70118
Tel: (504) 864-7082
shwillia@loyno.edu
***Attorney for Loyola University New Orleans***


## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will forward a copy to all attorneys of record.


Dated: February 5, 2026

*/s/   Sharonda R. Williams*
SHARONDA R. WILLIAMS

-11-