**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA CHRONICLES** | **CIVIL ACTION NO. 2025-cv-2211** |
| **VERSUS** | **JUDGE CRAIN** |
| **LOYOLA UNIVERSITY NEW ORLEANS** | **SECTION "C"** |
| | **MAGISTRATE NORTH** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(5)**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Loyola University New Orleans ("Loyola"), which submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(B)(5). Plaintiff failed to timely serve the proper complaint on Loyola within the time frames set forth in Fed. R. Civ. Proc. 4(m), and the lawsuit should be dismissed.

**FACTUAL BACKGROUND**

Plaintiff filed his Original Complaint on October 29, 2025, and the lawsuit should have been served by January 27, 2026. A review of the returned summons, which was filed into the record on January 16, 2026 (Rec. Doc. No. 50), shows the summons was dated November 3, 2025. The process server, Mark Haynes Duson, noted on the document that he received the summons on November 3, 2025, and he served Loyola at undersigned counsel's office on January 16, 2026. The First Amended Complaint (Rec. Doc. No. 46) was filed on December 10, 2025—after the process server received the summons. The First Amended Complaint was not included in the documents served on Loyola on January 16, 2026. Loyola's Deputy General Counsel, Julien Meyer, accepted service on January 16, 2026, and the only documents served were the summons and the Original Complaint; the First Amended Complaint was not served. *See* Exhibit A. In fact,

Loyola previously filed a Motion to Dismiss under Fed. R. Civ. Proc. 12(B)(6) raising arguments in response to the pleading that was served—the Original Complaint.  It was not until Plaintiff asserted in his Opposition to Loyola's 12(B)(6) Motion that his First Amended Complaint addressed his pleading deficiencies that Loyola searched the docket to learn that a First Amended Complaint had been filed. Plaintiff's failure to serve the First Amended Complaint warrants dismissal of this lawsuit.

### LAW AND ARGUMENT

Fed. R. Civ. P. 4(m) provides:

Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

This lawsuit was filed on October 29, 2025, and the lawsuit should have been served by January 27, 2026.  Plaintiff's service of only the superseded Original Complaint on January 16, 2026 does not satisfy the required service deadline set forth in Fed. R. Civ. Proc. 4(m), and the lawsuit should be dismissed.

The filing of the First Amended Complaint on December 10, 2025 did not "re-start the clock" for serving the complaint because there were no new defendants added by the First Amended Complaint.  The superseding First Amended Complaint still had to be served by January 27, 2026, and it was not.  The service deadline provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148–49 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829 (8th Cir.2004); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

-2-

PRACTICE AND PROCEDURE § 1137, at 377 (3d ed.2002); 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 4.80 (3d ed.1997). This construction of the rule prevents the plaintiff from repeatedly filing amended complaints "to extend the time for service indefinitely." *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987). In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original service deadline simply by filing an amended complaint when it felt like effecting service. Accordingly, the service deadline in Rule 4(m) refers to filing of the first version of the complaint naming the particular defendant to be served.

Rule 4(c)(1) of the Rules of Civil Procedure covering the service of process states: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." In *Phillips v. Murchison*, 194 F. Supp. 620, 622 (S.D.N.Y. 1961), the plaintiff did not serve the then complaint upon the defendant but served a superseded complaint which the court deemed was no more than a 'mere 'scrap of paper' insofar as the case was concerned. *Id.* (quoting *Leis v. Massachusetts Bonding & Ins. Co.*, Mo.App.1939, 125 S.W.2d 906, 908).

The *Phillips* Court held that serving a superseded complaint with the summons was not proper service of process and set aside such service as insufficient. *Id.* (citing *Utility Mfg. Co. v. Elgin Laboratories*, D.C.S.D.N.Y.1939, 1 F.R.D. 165; 2 Moore, Federal Practice, P4.09 (2d ed. 1960)); *see also Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005); *Gellert v.*

*Richardson*, No. 95–256–CIV–ORL–19, 1996 WL 107550, at *2 (M.D.Fla.1996) (citing *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir.1990)) (where an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper).

Because Plaintiff failed to serve Loyola with the superseding First Amended Complaint, service of the Original Complaint was not sufficient.  Plaintiff has failed to effect proper service within the required ninety-day time frame, and the lawsuit should be dismissed under Fed. R. Civ Proc. 4(m) and 12(B)(5).

## CONCLUSION

Plaintiff failed to satisfy the requirements of Fed. R. Civ. Proc. 4 by (1) failing to ensure that necessary copies of the First Amended Complaint were provided to the process server and (2) failing to ensure that the superseding First Amended Complaint was served within the required ninety-day deadline after the lawsuit was filed.  Accordingly, the lawsuit should be dismissed pursuant to Fed. R. Civ. Proc. 12(B)(5) for insufficient service of process.

Respectfully submitted,

/s/*Sharonda R. Williams*
_____
Sharonda R. Williams (La. Bar No.: 28809)
LOYOLA UNIVERSITY NEW ORLEANS
6363 St. Charles Avenue, CB 58
New Orleans, Louisiana 70118
Tel: (504) 864-7082
shwillia@loyno.edu
***Attorney for Loyola University New Orleans***

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will forward a copy to all attorneys of record.

Dated: February 20, 2026

*/s/   Sharonda R. Williams*
SHARONDA R. WILLIAMS