**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA CHRONICLES** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 25-2211** |
| **LOYOLA UNIVERSITY NEW ORLEANS, ET AL.** | **SECTION: "C" (5)** |

**ORDER AND REASONS**

Before the Court is the Second Renewed Motion for Appointment of Pro Bono Counsel (rec. doc. 59) filed by *pro se* and *in forma pauperis* Plaintiff Joshua Chronicles ("Plaintiff"). Having reviewed the pleading and the applicable law, the Court rules as follows.

**I.    Background**

On October 29, 2025, Plaintiff filed claims under 42 U.S.C. § 1983, Title VI, Title IX, and the First Amendment, arising from alleged retaliation, racial and religious discrimination, and procedural due process violations by Loyola University New Orleans ("Loyola") personnel.  (Rec. doc. 1).  Plaintiff filed a Motion for Appointment of Counsel (rec. doc. 11) and later filed an Amended Motion to Appoint Counsel.  (Rec. doc 13).  Plaintiff sought the appointment of counsel due to the alleged legal complexity of his case, the Constitutional issues, and his current medical and psychological limitations.  (Rec. doc. 13).

This Court denied Plaintiff's first motion as moot and denied Plaintiff's Amended Motion to Appoint Counsel while reserving to him his right to raise his request at a later time. (Rec. doc. 16).   The Court explained that should circumstances arise after further development in this case warranting appointment of counsel warranted, Plaintiff retained the right to so move the Court.  (*Id.*).

Three days later, Plaintiff filed a motion for reconsideration.  (Rec. doc. 18).  He claimed reconsideration was warranted due to new circumstances, lack of consideration of

material facts, and the interests of justice. (*Id.*). This Court denied Plaintiff's motion with the right to re-urge after completion of the Court's review of Plaintiff's ADA documentation. (Rec. doc. 38).

Plaintiff now renews his motion pursuant to 28 U.S.C. § 1915(e)(1) and the Eastern District of Louisiana Civil Pro Bono Panel Resolution. (Rec. doc. 59). Plaintiff asserts that he is a 100% totally- and permanently-disabled veteran with disabilities such as a traumatic brain injury, chronic migraine, and service-connected post-traumatic stress disorder ("PTSD"), that directly and materially impair his ability to manage complex litigation. (*Id.*).

## II.    Law and Analysis

"There is no right to appointed counsel in civil cases, and [courts] do not appoint counsel unless the case presents extraordinary circumstances warranting an appointment." *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011). Under 28 U.S.C. § 1915(e)(1), the decision to appoint counsel is entirely within the court's discretion. *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011). Although "[n]o comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), a number of factors should be considered in ruling on requests to appoint counsel. In making this decision, a court should, at a minimum, consider type and complexity of the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence. *Encalade v. Biggs*, Civ. A. no. 23-3283, 2023 WL 7398221, at *1 (E.D. La. Oct. 12, 2023).

In this case, the Court finds that Plaintiff has successfully demonstrated that his case presents extraordinary circumstances warranting appointment of counsel. First, Plaintiff has provided the Court with a medical opinion from a Primary Care Provider at the

2

Department of Veterans Affairs Fort Polk Community Based Outpatient Clinic that describes in detail his specific cognitive and functional limitations. (Rec. doc. 59-1). Plaintiff's service-related medical conditions, including PTSD, traumatic brain injury ("TBI"), and post-traumatic migraine headaches have resulted in total and permanent disability. (*Id.*). The letter specifically states that Plaintiff "may experience difficulty independently managing high complex, adversarial, or procedurally demanding tasks, including prolonged administrative or legal proceeding . . . ." (*Id.*)

Second, material developments in the case, paired with the specific cognitive processing limitations described, create exceptional circumstances that warrant the appointment of counsel. Since issuing the last order denying Plaintiff the appointment of counsel, Defendant has filed two different motions to dismiss. Defendant filed a Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) and a Motion to Dismiss Pursuant to rule 12(b)(5). (Rec. docs. 52, 56). Further, Plaintiff allegedly no longer has access to his Loyola University email, which contained Plaintiff's copies of every email complaint that he sent to the University President, Interim Provost, and faculty in which he reported racial harassment, sexual harassment, and disability discrimination. (Rec. doc. 59 at 6).

On December 9, 2025, the U.S. Department of Veterans Affairs Education Service opened a formal investigation into Loyola's treatment of Plaintiff as a disabled veteran receiving VA education benefits. (*Id.* at 7). The U.S. Department of Education Office for Civil Rights also opened an investigation into Plaintiff's Title VI, Title IX, and Section 504 allegations following a referral from U.S. Senator Bill Cassidy. (*Id.*). Plaintiff argues that coordinating parallel civil litigation and two concurrent federal agency investigations

require the kind of strategic coordination that a *pro se* litigant with cognitive processing limitations cannot independently manage.

The Court also notes that Plaintiff has made diligent good faith efforts to retain counsel which were all rebuffed due to case complexity and financial inability to pay. (*Id.* at 9). Here, it is evident that the appointment of counsel would be a service to Plaintiff, the Court, and Defendant by sharpening the issues in the case and serving as an aid to the litigation process in general. *See Knighton v. Watkins,* 616 F.2d 795, 799 (5th Cir. 1980). The combination of case complexity, documented disability, financial inability to retain counsel, diligent but unsuccessful efforts to obtain representation, and the critical interests of justice presented here illustrate that the appointment of counsel is warranted.

## III.   Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Second Renewed Motion for Appointment of Pro Bono Counsel (rec. doc. 59) is **GRANTED.**

**IT IS FURTHER ORDERED** that, on or before April 24, 2026, the FBA-NO Pilot Program Coordinator is to undertake a search for an attorney from the Civil Pro Bono Counsel Panel for the appointment and provide that attorney's name and contact information to the undersigned. Once that information is received, the Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel for Plaintiff.

4

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Program Coordinator.

New Orleans, Louisiana, this 30th day of March, 2026.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE