UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RESOLUTION OF THE EN BANC COURT

WHEREAS, this Court and the New Orleans Chapter of the Federal Bar Association (hereinafter, "FBA-NO") have developed and maintained a successful Civil Pro Bono Counsel Program (hereinafter, "Program"), by which the Court created a Civil Pro Bono Counsel Panel (hereinafter, "Panel") from which to appoint counsel to represent pro se litigants in appropriate civil cases;

WHEREAS, the Program currently aims to provide (a) consistent with Rule 6.1 of the Louisiana Rules of Professional Conduct, pro bono service to litigants who request counsel but lack the financial resources to hire a privately retained attorney, (b) consistent with Rule 1 of the Federal Rules of Civil Procedure, pro bono service to the Court in furtherance of the just and efficient administration of its civil docket, and (c) litigation experience to attorneys who seek to increase their familiarity and involvement in civil litigation practice before this Court;

WHEREAS, the FBA-NO and members of the Panel have identified a need for and proposed revisions to the Program in furtherance of its aims and continued success;

WHEREAS, the Court commends the FBA-NO for its efforts and goals and thanks Panel counsel for their continued service;

IT IS HEREBY RESOLVED, upon unanimous vote of the judges of the Court, that the following protocols shall hereafter govern the Program and the Panel:

(1)     The Court will designate one or more court employees as the Civil Pro Bono Counsel Program Coordinator(s) (hereinafter, "Program Coordinator") who shall be responsible for

    a. canvassing the Court's bar membership,

    b. identifying attorneys in good standing who have volunteered and are willing to serve on the Panel,

    c. maintaining, and annually updating, a Panel list by identifying those attorneys by name, organizational affiliation, mailing address, email address, and telephone number, and

    d. working with FBA-NO as needed to accomplish any of the foregoing goals.

(2)     At the request of any party or on the Court's own motion, the presiding Magistrate Judge may determine the propriety of appointing counsel from the Panel list to represent pro se litigants in civil cases, according to the following standards:

    a. In cases filed by pro se prisoners, the Magistrate Judge may not appoint counsel until the Magistrate Judge or District Judge has determined that the case should proceed beyond the screening process required by 28 U.S.C. §1915A.

b. A pro se litigant must demonstrate an inability to pay privately retained counsel. *See generally* 28 U.S.C. § 1915(e)(1).

c. Because there is no automatic right to appoint of counsel in civil cases, in evaluating whether to appoint Panel counsel, the Magistrate Judge must consider and apply the relevant legal standards; for example:

    i. In civil rights cases, the Court should appoint counsel "only if presented with exceptional circumstances," *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997), considering "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence," *Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001), and whether appointment would be a service to all parties and the Court by "sharpening the issues . . . , shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

    ii. In Title VII cases, where "exceptional circumstances" are not required, the Court should appoint counsel only after evaluating "(1) "the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

(3)    The Magistrate Judge will forward any order determining the propriety of appointing Panel counsel to the Program Coordinator, who will then solicit an appropriate volunteer attorney or attorneys from the Panel for specific assignment to the case and provide name and bar information to the Magistrate Judge and Clerk of Court so the attorney(s) may be added to the case docket as counsel of record for the pro se party. In identifying appropriate Panel counsel, the Program Coordinator may continue to consider factors such as case complexity, case scheduling and deadlines, discovery issues, and level of skill or experience needed for competent representation.

(4)    Contemporaneously with or, as soon as reasonably practicable after, the appointment of Panel counsel, the Magistrate Judge shall enter a copy of this Resolution into the case docket so that all parties and counsel receive notice of the terms of Panel counsel's appointment.

(5)    The Court has approved certain expenditures not to exceed $25,000 per year payable from the Court's Attorney Registration and Disciplinary Fund, as described in Local Rule 83.2.2(G), to facilitate competent representation by Panel members. After appointment, Panel counsel may seek to use these funds according to the following standards:

a. Reimbursement of ordinary costs should not exceed $5,000 for any single representation, unless extraordinary or unusual circumstances warrant reimbursement of a higher amount. These ordinary costs must be actual, documented costs of case-related expenses, such as (i) long-distance telephone and facsimile costs, (ii) photocopying or other costs associated with obtaining documents or information needed for effective representation, including subpoena responses or deposition and hearing transcripts, and (iii) other reasonable expenses needed for effective representation. Panel counsel may seek prior approval by ex

parte motion under Local Rule 7.3 for any reimbursable costs, and should seek approval before undertaking uncertain or extraordinary costs. Failing to seek prior approval of costs reimbursable under this subsection, however, is not, standing alone, a reason to deny reimbursement.

b.  Reimbursement of travel costs require, by ex parte motion under Local Rule 7.3 and order, the Magistrate Judge's prior approval and shall be reimbursed (i) for automobile travel, only at the per-mile rate then in effect for federal judiciary employees, and (ii), for all other travel, only based on actual, documented costs at the lowest fare.

c.  Reimbursement of reasonable expert fees require, by ex parte motion under Local Rule 7.3 and order, the Magistrate Judge's prior approval. Consistent with Rule 26(b)(3)–(4) of the Federal Rules of Civil Procedure, and to avoid publicly disclosing Panel counsel's mental impressions, opinions, theories, or litigation strategy, which is privileged and of no legitimate public interest, the ex parte motion need include only a general description of the proposed area of expertise, a short and plain explanation of the basis or need for a litigation expert in the proposed area, and the proposed fee. Panel counsel should separately submit for the Magistrate Judge's in camera review a memorandum in support of the ex parte motion and any supporting exhibits, such as the proposed expert's resume or curriculum vitae. The Magistrate Judge shall determine the reasonableness of the proposed expert's fee by prevailing market rates for experts of similar kind and experience. To decrease costs associated with separately retaining private experts, the Court should consider whether a court-appointed expert under Rule 706 of the Federal Rules of Civil Procedure may be appropriate.

d.  Reimbursement of all costs and fees will be paid only upon ex parte motion under Local Rule 7.3 and order of the Magistrate Judge to the Clerk to make payment.

(6)    Consistent with the fundamental goals outlined in Rule 1 of the Federal Rules of Civil Procedure, upon notice or receipt of any ex parte motion for prior approval of reimbursable costs or fees, all parties and counsel are encouraged to cooperate and to explore reasonable alternatives or compromises, such as stipulations or remote discovery options, to limit the financial burdens associated with Panel counsel's pro bono appointment and to conserve judicial resources.

(7)    Notwithstanding any of the foregoing provisions, Panel counsel may recover attorneys' fees and taxable costs under applicable law to the same extent and in the same manner as would be available to retained counsel in the same kind of case. If the Court has previously reimbursed Panel counsel for the recovered taxable costs, Panel counsel must refund the reimbursed costs to the Attorney Registration and Disciplinary Fund.

(8)    So that the Court may continue to evaluate the Program and the Panel, at the end of each year, the Program Coordinator shall compile and maintain a record of each case in which the Court appointed Panel counsel, to include:

a.  Case name and number,

b.  Case type or subject matter,

c.  Appointed counsel,

d.  Case status, and

e.  The types and amounts of costs and fees incurred, including any amounts for which reimbursement was sought and rejected or approved.

(9)     Nothing in this Resolution affects the ability of any Judge to appoint law students and supervising attorneys of a law school clinic as counsel in any case, as provided in Local Rule 83.2.13.

New Orleans, Louisiana; this  1st  day of  May , 2024.

FOR THE COURT:

CHIEF JUDGE NANETTE JOLIVETTE BROWN

cc:     ALL DISTRICT JUDGES
        ALL MAGISTRATE JUDGES