U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Aug 20 2026
CAROL L. MICHEL
CLERK
cf EDSS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

*JOSHUA CHRONICLES*

*VERSUS*

*LOYOLA UNIVERSITY NEW ORLEANS*

Civil Action No. 2:25-cv-02211-WJC-MBN

JUDGE WILLIAM J. CRAIN

MAGISTRATE JUDGE MICHAEL NORTH

# PLAINTIFF'S MOTION TO REOPEN CASE FOR LIMITED PURPOSE AND THIRD MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

(28 U.S.C. § 1915(e)(1); Doc. 77; EDLA Civil Pro Bono Panel Resolution, Rev. 2025)

## I. INTRODUCTION

Plaintiff Joshua Chronicles, appearing pro se and proceeding in forma pauperis (Doc. 3), respectfully moves this Court, pursuant to its retained jurisdiction under its July 2, 2026 Order Dismissing Case (Doc. 77), to (1) reopen this matter for the limited purpose of addressing Plaintiff's change in representation and the status of the settlement discussed at the June 29 – July 1, 2026 settlement conference (Doc. 76), and (2) appoint pro bono counsel to represent Plaintiff in connection with that limited purpose and any further proceedings, pursuant to 28 U.S.C. § 1915(e)(1) and the Eastern District of Louisiana Civil Pro Bono Panel Resolution (Rev. 2025).

This is not a routine renewed request. This Court has already found, on March 30, 2026, that Plaintiff satisfies the standard for appointment of pro bono counsel under *Ulmer v. Chancellor*,

691 F.2d 209, 212–13 (5th Cir. 1982), and appointed William Brock Most from the Civil Pro Bono Panel on April 6, 2026 (Docs. 69, 71). That appointment has now ended. As set forth below, Plaintiff terminated Mr. Most's representation, and a genuine, unresolved dispute exists concerning whether a final and binding settlement was reached and, if so, on what terms. Plaintiff takes no position in this motion on that underlying dispute and asks the Court to make no substantive ruling on it here; Plaintiff seeks only the process, reopening for this limited purpose and appointment of counsel, needed to address it properly, before the sixty-day period referenced in Doc. 77 expires.

## II. PROCEDURAL HISTORY

Plaintiff's efforts to obtain appointed counsel in this case were extensive. His first two motions (Docs. 11, 13) were denied without prejudice on November 25, 2025 (Doc. 16), before Defendant had been served. Reconsideration was denied without prejudice on December 8, 2025, with leave to re-urge the request after the Court's review of Plaintiff's ADA medical documentation (Doc. 38). Plaintiff filed a Second Renewed Motion for Appointment of Pro Bono Counsel on February 24, 2026 (Doc. 59), which the Court granted on March 30, 2026 (Doc. 69). The Court directed the FBA-NO Pilot Program Coordinator to identify appointed counsel, and on April 6, 2026, the Court appointed William Brock Most of Most & Associates to represent Plaintiff (Doc. 71).

On April 28, 2026, the Court scheduled a settlement conference (Doc. 73), which was held on June 29 and July 1, 2026, before Magistrate Judge North. The minute entry reflects that the settlement conference was successful and that the material terms of a settlement agreement were memorialized on the record (Doc. 76). On July 2, 2026, the Court entered an Order dismissing the case without prejudice, "subject to reopening for good cause to enforce settlement if not perfected within sixty (60) days," and expressly retaining jurisdiction "for all purposes" (Doc. 77).

Since that dismissal, a dispute has arisen between Plaintiff and Defendant's counsel, communicated through Mr. Most, regarding whether the terms discussed at the settlement conference constitute a final, binding agreement, and regarding the proposed written Settlement Agreement, which has not been executed. Plaintiff has not signed the proposed written Settlement Agreement and has withdrawn any authorization for prior counsel to execute or submit it, or to consent to any further disposition of this case, on his behalf.

## III. TERMINATION OF PRIOR APPOINTED COUNSEL

On August 19, 2026, Plaintiff terminated Mr. Most's representation in writing. Mr. Most confirmed receipt of the termination the same day, confirmed that he would not execute or submit the proposed Settlement Agreement, indicated that he would file nothing further except a motion to withdraw as counsel if necessary, and transmitted Plaintiff's complete case file. Mr. Most has indicated he is willing to communicate with successor counsel regarding this matter upon Plaintiff's authorization.

Plaintiff's termination of Mr. Most was not the product of a breakdown unrelated to the merits of this case. It arose directly from Plaintiff's disagreement regarding the finality and terms of the proposed settlement and his need for independent evaluation of his rights and obligations before any further steps are taken to conclude this litigation, precisely the kind of decision for which Plaintiff, a self-represented, disabled litigant, requires the assistance of counsel, rather than needing to navigate alone and under the time pressure created by Doc. 77's sixty-day period.

## IV. GOOD CAUSE EXISTS TO REOPEN THE CASE FOR THE LIMITED PURPOSE STATED

The Court's July 2, 2026, Order contemplated exactly this circumstance: a period during which the settlement either would be "perfected" through execution of a written agreement and a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) or would require the Court's further involvement. Doc. 77 expressly retained jurisdiction "for all purposes" and anticipated reopening "for good cause to enforce settlement if not perfected within sixty (60) days."

That sixty-day period is set to run on or about August 31, 2026. A genuine dispute now exists between the parties concerning the status of the settlement, and Plaintiff is no longer represented by the counsel who participated in the settlement conference on his behalf. Good cause exists for the Court to reopen this matter for the limited purpose of (1) establishing Plaintiff's current pro se status and appointing successor counsel, and (2) setting an appropriate schedule for the parties, through counsel, to address the status and, if necessary, the enforceability of the settlement, without the Court prejudging that question on the present motion.

## V. APPOINTMENT OF SUCCESSOR PRO BONO COUNSEL IS WARRANTED

The circumstances that led this Court to grant Plaintiff's Second Renewed Motion on March 30, 2026, have not diminished; if anything, they have intensified. Plaintiff remains a veteran rated 100% totally and permanently disabled by the U.S. Department of Veterans Affairs, with service-connected PTSD, traumatic brain injury, and chronic migraines. The medical documentation previously submitted under seal and accepted for filing by this Court's April 1, 2026, Order (Doc. 70) remains part of the record and is incorporated by reference. Plaintiff does not repeat the details of that documentation here in light of its sealed status, but respectfully directs the Court to Docs. 51 and 70.

Beyond the disability record already before the Court, Plaintiff now faces a new and time-sensitive legal task that squarely implicates the *Ulmer* factors: evaluating, within a matter of days, whether a binding settlement was reached at a conference whose framing he did not personally control, what obligations (if any) that settlement imposes on him, and how to protect his rights before the sixty-day period in Doc. 77 runs. This task requires exactly the kind of legal judgment, contract-formation analysis, evaluation of Fifth Circuit authority on oral settlements placed on the record, and strategic advice under deadline pressure, that Plaintiff's treating provider has previously attested he may have substantial difficulty independently managing, particularly under adversarial stress and high cognitive demand. See Doc. 51, Ex. B.

Appointment of successor counsel would also aid the fair and efficient adjudication of this remaining issue. Whatever the ultimate resolution of the settlement dispute, the Court, Defendant, and Plaintiff all benefit from Plaintiff being represented by counsel capable of communicating a clear, informed position, rather than the Court and opposing counsel needing to interpret pro se filings on a question of contract law under a compressed timeline.

## VI. DILIGENT EFFORTS TO OBTAIN COUNSEL

Following his termination of Mr. Most, Plaintiff has been in informal consultation with prospective counsel regarding this dispute but has not yet retained counsel through his own means. Given Plaintiff's continuing in forma pauperis status, the compressed timeline created by Doc. 77, and the specialized nature of the issue presented, appointment through the EDLA Civil Pro Bono Panel, the same mechanism this Court used successfully, identifying and appointing Mr. Most within approximately seven days of granting Plaintiff's Second Renewed Motion (compare Doc. 69, entered March 30, 2026, with Doc. 71, entered April 6, 2026), remains the most viable path to

ensure Plaintiff has representation before the sixty-day period expires. Given that track record, appointment of successor counsel well within the time remaining under Doc. 77 is realistic if the Court is able to act on this motion promptly.

Plaintiff respectfully requests that, in light of the deadline reflected in Doc. 77, the Court treat this request as time-sensitive and, to whatever extent practicable, expedite referral to the Pilot Program Coordinator.

## VII. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Reopen this matter for the limited purpose described above, pursuant to the jurisdiction the Court expressly retained in Doc. 77;

2. Appoint successor pro bono counsel from the Eastern District of Louisiana Civil Pro Bono Panel to represent Plaintiff in connection with the status of the settlement and any further proceedings in this matter;

3. Expedite consideration of this motion in light of the sixty-day period referenced in Doc. 77, which runs on or about August 31, 2026;

4. In the alternative, schedule a status conference at which Plaintiff may address the Court regarding the matters presented in this motion; and

5. Grant such other and further relief as the Court deems just and proper.

## VIII. CONCLUSION

Plaintiff does not ask this Court to decide on this motion, whether a binding settlement was reached or what its terms may be. Plaintiff asks only that the Court reopen this matter for the limited purpose of addressing his change in representation and appointing successor counsel, consistent with the jurisdiction the Court expressly retained in Doc. 77, so that the underlying question can be addressed properly, with the benefit of counsel, before the sixty-day period expires. Plaintiff respectfully requests that the Court grant this motion.

Respectfully submitted,

Joshua Chronicles

Plaintiff, Pro Se

6324 Chef Menteur Hwy., Apt. 209

New Orleans, LA 70126

joshuachroniclescase@gmail.com

(325) 280-3240

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing, I filed the foregoing motion using the Court's CM/ECF system, which will send notice of such filing to all counsel of record, and that I have separately provided a copy to William Brock Most by email in light of his prior role as counsel of record in this matter.

Joshua Chronicles