**Sandy Rochelle**

---

**From:** William Most <williammost@gmail.com>
**Sent:** Monday, July 27, 2026 10:26 PM
**To:** Julie D. Livaudais
**Subject:** Re: Chronicles/Loyola Settlement Agreement - Confidential
**Attachments:** 2026.7.27 - Settlement Agreement and Full Release of Claims (Joshua Chronicles) - Redline.docx; 2026.7.27 - Settlement Agreement and Full Release of Claims (Joshua Chronicles) - JC Executed.pdf

Julie,

Attached are some proposed redlines. To keep things moving along, I had Mr. Chronicles sign this version in case it is amenable to Loyola. If you'd like, we can talk on the phone about the thinking behind these proposed revisions.

Thank you!

William

On Thu, Jul 23, 2026 at 11:49 AM Julie D. Livaudais <Livaudais@chaffe.com> wrote:

Hi William,

In order for the check to issue to him Mr. Chronicles will need to fill out the attached W-9 form. Please return it to me. This is standard operating procedure for payments to non-employees.

Thank you,

Julie

**Julie D. Livaudais | Partner**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7007 | f: 504-544-6054
chaffe.com | linkedin | email | | bio

---

**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, July 21, 2026 9:11 PM
**To:** Julie D. Livaudais <Livaudais@chaffe.com>

**Cc:** Charles D. Marshall <Marshall@chaffe.com>
**Subject:** Re: Chronicles/Loyola Settlement Agreement - Confidential

Thank you! I'll review with Joshua and get back to you.

On Tue, Jul 21, 2026 at 1:05 PM Julie D. Livaudais <Livaudais@chaffe.com> wrote:

Hi William ~ Attached is the draft of the Settlement Agreement. Sorry for the delay but we received client approval just this morning, due to various vacations and other obligations.

Hopefully this will be non-controversial, but please advise.

Best regards,

Julie

**Julie D. Livaudais | Partner**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7007 | f: 504-544-6054
chaffe.com | linkedin | email | | bio

Chaffe McCall L.L.P. CONFIDENTIALITY NOTICE: This e-mail transmission, including attachments, if any, is intended for use only by the addressee(s) named herein and contains confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply e-mail or telephone and delete the original and destroy all electronic and other copies of this message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. (*Scanned by Mimecast*)

Chaffe McCall L.L.P. CONFIDENTIALITY NOTICE: This e-mail transmission, including attachments, if any, is intended for use only by the addressee(s) named herein and contains confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply e-mail or telephone

and delete the original and destroy all electronic and other copies of this message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. (*Scanned by Mimecast*)

**SETTLEMENT AGREEMENT**
**AND FULL RELEASE OF CLAIMS**

This Settlement Agreement and Full Release of Claims (hereafter "Agreement") is made and entered into by and between Joshua Chronicles (hereafter "Plaintiff" or "Chronicles"), and Loyola University New Orleans (hereafter "Loyola"), represented herein by its Provost and Senior Vice President for Academic Affairs, Thomas A. Chambers. Plaintiff and Loyola may be referred to herein as a "Party" and collectively as "the Parties."

**RECITALS**

A. **WHEREAS**, on or about October 29, 2025, Plaintiff filed a lawsuit against Loyola University entitled "*Joshua Chronicles versus Loyola University New Orleans*" in the United States District Court for the Eastern District of Louisiana, bearing Civil Action Number 2025-2211 (hereinafter referred to as the "Lawsuit") and prior to that Plaintiff had made numerous complaints, allegations and claims within the University during his time as a student; and

B. **WHEREAS**, Loyola denies all of the allegations advanced and/or maintained by Chronicles in the Lawsuit and in his internal University claims, and denies any liability to Chronicles, and

C. **WHEREAS**, Plaintiff and Loyola desire to enter into this Agreement to avoid the time and expense of litigation and to fully settle all disputes between them, and wish to provide for certain mutual obligations and a payment in full settlement and discharge of all of Plaintiff's claims which are, or might have been, the subject matter of the Lawsuit and/or the claims made while Plaintiff was enrolled as a student at Loyola, or any other claim or action against Loyola or any member of its community, upon the terms and conditions as set forth below,

______JC
______XC

**NOW THEREFORE**, in consideration of the mutual promises, agreements and other consideration expressed in this Agreement, the Parties hereto agree, settle, covenant and release as follows:

**TERMS OF SETTLEMENT**

1.0 **Release and Discharge**

1.1 In consideration of the payment to be made as set forth in Section 2.0, the obligations undertaken by plaintiff Joshua Chronicles in Section 3.0, and the obligations undertaken by Loyola in Section 4.0, which the Parties agree constitute good and valuable consideration, Plaintiff hereby and for his heirs, executors and assigns, completely releases and forever discharges Loyola from any and all past, present or future claims, demands, obligations, actions, and causes of actions, both known and unknown, existing on the day he signs this Agreement, including, but not limited to, all past, present and future general and special damages, past, present, and future pain and suffering, emotional distress, mental anguish, psychological injury, humiliation and embarrassment, loss of educational and professional opportunities, loss of enjoyment of life, inconvenience, past, present and future medical expenses, incapacitation, court costs, expert witness fees, legal interest, property damage, lost wages, lost earning capacity, loss of consortium, loss of society, loss of companionship and services, out-of-pocket expenses, claims for racial discrimination, claims for sexual or other harassment, threats to physical safety, claims for failure to provide accommodations for disability, claims for denial of due process, denial of equal protection, violations of Title IX , violations of the Civil Rights Act, violations of the Americans with Disabilities Act, violations of the Louisiana whistleblower laws, the Louisiana Civil Code, or any other federal, state, or local laws, rules and regulations relating to discrimination, harassment, negligence, intentional tort, breach of an express or implied contract, abuse of right, conspiracy of any kind, negligent or intentional

______JC
______XC

infliction of emotional distress, as well as claims for attorneys' fees, court costs, penalties, expenses and compensation of any nature whatsoever, which Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way arise out of, the circumstances or subject matter of the Lawsuit described in Recital "A" above.

1.2 This Settlement Agreement and Full Release of Claims shall apply to Loyola's past and present officers, directors, employees, administrators, students, agents, underwriters, insurers and reinsurers, and all other persons, firms or corporations with whom any of the former have been, are now, and/or may hereafter be affiliated.

1.3 It is expressly understood and agreed that the consideration stated herein is being tendered, and Plaintiff accepts such consideration, in full settlement of all alleged injuries and damages, whether known or unknown, and whether or not ascertainable at the time this agreement is executed, that exist as of the day Plaintiff signs this Agreement.

2.0 **Payment; No Admission of Liability by Loyola**

In exchange for Plaintiff's agreement to dismiss the Lawsuit, with prejudice, and to sign, with Loyola, a Joint Stipulation of Dismissal, and in consideration of the obligations set forth in Section 4.0 below, Loyola agrees to pay Joshua Chronicles the total amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) with no withholdings. Plaintiff agrees to be responsible for and assume all tax obligations arising from this payment, if any, and agrees to indemnify and hold harmless Loyola from any claim for income tax, levies, assessments or fines owed by him as the result of this payment.

The above payment and the additional covenants in Paragraph 3.0 herein are made by Loyola solely for the purpose of resolving disputed claims and without any admission of liability. Loyola specifically denies any liability to Chronicles and enters into this settlement solely to avoid the cost of continued litigation and to amicably resolve this dispute, maintaining its position that Plaintiff's

______JC
______XC

allegations are without any validity in fact or law.

3.0 **Other Obligations of Loyola**

As additional consideration for this Settlement Agreement:

- Loyola agrees to remove the notation of suspension from Plaintiff's law school transcript;
- Loyola agrees to permanently restrict access to Student Conduct file case number 2025018301 (meaning that no one can access or review this conduct file without approval of the Vice President of Student Affairs and Office of the General Counsel, except as required by law or regulation, ~~or for~~such as reporting to governmental agencies, or authorized by Plaintiff Joshua Chronicles);
- Loyola agrees not to initiate contact with third parties about Joshua Chronicles, other than as required by law~~,~~ or regulation~~, or contract~~ such as reporting to governmental agencies, but if contacted can respond truthfully to inquiries from third parties, including universities, bar admission offices and character and fitness examiners about Plaintiff.

4.0 **Obligations of Joshua Chronicles, Plaintiff**

As consideration for this Settlement Agreement, Joshua Chronicles:

- agrees that he will immediately withdraw, in writing, from Loyola University,
- agrees not to apply for admission in the future to any school or department within Loyola University;
- agrees to comply with his current campus ban from Loyola University, meaning that he will permanently stay away and refrain from entering Loyola University's campus or property for any reason;

______JC
______XC

- agrees that he will not contact or communicate for any reason with any Loyola University employee, faculty or staff, and that future necessary communications will be directed only to Loyola's Office of General Counsel.
- agrees that he will not disparage Loyola University or its employees, faculty or staff, under his own name, or anonymously, or under the identity of someone else, by any method (personal communication, print, media, internet, social media, etc.). Chronicles affirms that he understands that the word "disparage" in this context means to criticize in a negative way that belittles, degrades, demeans or damages reputation or business interests – whether or not he believes the statement(s) to be true.
- understands that he may truthfully respond, under his own name only, to questions from other colleges and universities, schools, state bars, and character & fitness examiners. Notwithstanding the confidentiality provision below, Plaintiff may truthfully disclose to bar examiners, law schools, and character & fitness examiners that the matter was resolved through this Agreement and that the transcript notation was removed, without disclosing the settlement amount or any other specific terms of this Agreement.
- agrees that within three (3) days of receipt of payment he will file a Motion to Dismiss the Lawsuit with prejudice, and will file a joint stipulation of dismissal with Loyola under FRCP 41(a)(1)(A)(ii).
- Specifically affirms that he has not filed, and will not file, any suit, administrative charge or complaint against Loyola or any of its employees, other than the Lawsuit referenced in Recital "A" above.

______JC
______XC

- Specifically affirms and binds himself to make no further claims against Loyola or its employees, faculty and staff, in any forum, with regard to any of the claims released in this Agreement and any matter that arose prior to the date that he signs this Agreement.

______JC
______XC

- Specifically affirms and binds himself to keep confidential the terms of this Agreement. In response to any inquiry concerning the status of the Lawsuit, Plaintiff agrees to respond only that "all disputes have been amicably resolved," or words that are substantially identical, and that he will not indicate an amount or dollar range of settlement or divulge any terms of the Agreement.

5.0 **Adequate Consideration**

Plaintiff and Loyola agree and acknowledge that the payment of the sum stated in Section 2.0 of this Settlement Agreement, and the obligations set forth in Sections 3.0 and 4.0, represent a full, complete, final and binding compromise of matters involving disputed claims; that the payment and covenants herein shall not be considered an admission of any liability or wrongdoing; and that no past or present wrongdoing on the part of either Party shall be implied by this settlement.

6.0 **No Responsibility for Attorneys' Fees**

Plaintiff agrees that Loyola is not liable for any of his attorney's fees or costs arising from his prosecution or settlement of the Lawsuit. The Parties agree that they shall each bear their own costs and attorneys' fees on all matters covered by this Agreement.

7.0 **Confirmation of Understanding of This Agreement**

By entering into this Settlement Agreement, Plaintiff represents that: he is aware of the legal consequences of this Settlement Agreement; he is aware that this Agreement is a legally binding document; he has completely read the terms of this Agreement; he understands and voluntarily accepts the terms of this Agreement; he believes this is a fair and reasonable settlement; he understands that this Agreement terminates all claims or rights of action by him of any nature against Loyola; and that he has had the opportunity to consult with his attorney with respect to this

______JC
______XC

Agreement.

7.1 Chronicles certifies that he is under no disability or impairment that ~~could~~ has affected his decision to knowingly and voluntarily enter into this Agreement with full understanding of its terms and conditions.

7.2 Chronicles further agrees and affirms that no statements, representations, promises, undue influence or threats have been made by Loyola or any of its employees or agents to influence him to sign this Agreement, other than the statements set forth in this Agreement.

8.0 **Governing Law**

The Parties agree that this Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Louisiana and any applicable federal laws, and that this Agreement shall be enforced by the United States District Court for the Eastern District of Louisiana.

9.0 **Entire Agreement and Successors-in-Interest**

The Parties agree that this Agreement contains the entire agreement between Plaintiff and Loyola with regard to the matters set forth in it and shall be binding upon the executors, administrators, personal representatives, heirs, successors and assigns of the Parties.

10.0 **Severability**

The Parties agree and acknowledge that the clauses contained herein are separate and distinct and that should any applicable federal or state law, or determination of any administrative agency or court of competent jurisdiction, determine any clause or clauses to be declared null and void or otherwise ineffective, the provisions so affected shall be automatically conformed to the law or determination, or shall be deemed severable, and the remaining unaffected clauses shall remain in full force and effect.

______JC
______XC

11.0 **Effective Date**

This Settlement Agreement shall become effective immediately following execution by the Plaintiff and Loyola below:

**PLAINTIFF:**

JOSHUA CHRONICLES DATE

**LOYOLA UNIVERSITY NEW ORLEANS:**

By: ________________________________ ____________________

Xavier A. Cole, Ed.D. DATE
President

**SETTLEMENT AGREEMENT**
**AND FULL RELEASE OF CLAIMS**

This Settlement Agreement and Full Release of Claims (hereafter "Agreement") is made and entered into by and between Joshua Chronicles (hereafter "Plaintiff" or "Chronicles"), and Loyola University New Orleans (hereafter "Loyola"), represented herein by its Provost and Senior Vice President for Academic Affairs, Thomas A. Chambers. Plaintiff and Loyola may be referred to herein as a "Party" and collectively as "the Parties."

**RECITALS**

A. **WHEREAS**, on or about October 29, 2025, Plaintiff filed a lawsuit against Loyola University entitled "*Joshua Chronicles versus Loyola University New Orleans*" in the United States District Court for the Eastern District of Louisiana, bearing Civil Action Number 2025-2211 (hereinafter referred to as the "Lawsuit") and prior to that Plaintiff had made numerous complaints, allegations and claims within the University during his time as a student; and

B. **WHEREAS**, Loyola denies all of the allegations advanced and/or maintained by Chronicles in the Lawsuit and in his internal University claims, and denies any liability to Chronicles, and

C. **WHEREAS**, Plaintiff and Loyola desire to enter into this Agreement to avoid the time and expense of litigation and to fully settle all disputes between them, and wish to provide for certain mutual obligations and a payment in full settlement and discharge of all of Plaintiff's claims which are, or might have been, the subject matter of the Lawsuit and/or the claims made while Plaintiff was enrolled as a student at Loyola, or any other claim or action against Loyola or any member of its community, upon the terms and conditions as set forth below,

Initial
RJC ______JC
______XC

**NOW THEREFORE**, in consideration of the mutual promises, agreements and other consideration expressed in this Agreement, the Parties hereto agree, settle, covenant and release as follows:

**TERMS OF SETTLEMENT**

1.0 **Release and Discharge**

1.1 In consideration of the payment to be made as set forth in Section 2.0, the obligations undertaken by plaintiff Joshua Chronicles in Section 3.0, and the obligations undertaken by Loyola in Section 4.0, which the Parties agree constitute good and valuable consideration, Plaintiff hereby and for his heirs, executors and assigns, completely releases and forever discharges Loyola from any and all past, present or future claims, demands, obligations, actions, and causes of actions, both known and unknown, existing on the day he signs this Agreement, including, but not limited to, all past, present and future general and special damages, past, present, and future pain and suffering, emotional distress, mental anguish, psychological injury, humiliation and embarrassment, loss of educational and professional opportunities, loss of enjoyment of life, inconvenience, past, present and future medical expenses, incapacitation, court costs, expert witness fees, legal interest, property damage, lost wages, lost earning capacity, loss of consortium, loss of society, loss of companionship and services, out-of-pocket expenses, claims for racial discrimination, claims for sexual or other harassment, threats to physical safety, claims for failure to provide accommodations for disability, claims for denial of due process, denial of equal protection, violations of Title IX , violations of the Civil Rights Act, violations of the Americans with Disabilities Act, violations of the Louisiana whistleblower laws, the Louisiana Civil Code, or any other federal, state, or local laws, rules and regulations relating to discrimination, harassment, negligence, intentional tort, breach of an express or implied contract, abuse of right, conspiracy of any kind, negligent or intentional

Initial
KJC
______ JC
______ XC

infliction of emotional distress, as well as claims for attorneys' fees, court costs, penalties, expenses and compensation of any nature whatsoever, which Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way arise out of, the circumstances or subject matter of the Lawsuit described in Recital "A" above.

1.2 This Settlement Agreement and Full Release of Claims shall apply to Loyola's past and present officers, directors, employees, administrators, students, agents, underwriters, insurers and reinsurers, and all other persons, firms or corporations with whom any of the former have been, are now, and/or may hereafter be affiliated.

1.3 It is expressly understood and agreed that the consideration stated herein is being tendered, and Plaintiff accepts such consideration, in full settlement of all alleged injuries and damages, whether known or unknown, and whether or not ascertainable at the time this agreement is executed, that exist as of the day Plaintiff signs this Agreement.

2.0 **Payment; No Admission of Liability by Loyola**

In exchange for Plaintiff's agreement to dismiss the Lawsuit, with prejudice, and to sign, with Loyola, a Joint Stipulation of Dismissal, and in consideration of the obligations set forth in Section 4.0 below, Loyola agrees to pay Joshua Chronicles the total amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) with no withholdings. Plaintiff agrees to be responsible for and assume all tax obligations arising from this payment, if any, and agrees to indemnify and hold harmless Loyola from any claim for income tax, levies, assessments or fines owed by him as the result of this payment.

The above payment and the additional covenants in Paragraph 3.0 herein are made by Loyola solely for the purpose of resolving disputed claims and without any admission of liability. Loyola specifically denies any liability to Chronicles and enters into this settlement solely to avoid the cost of continued litigation and to amicably resolve this dispute, maintaining its position that Plaintiff's

Initial KJC
______ JC
______XC

allegations are without any validity in fact or law.

3.0 **Other Obligations of Loyola**

As additional consideration for this Settlement Agreement:

- Loyola agrees to remove the notation of suspension from Plaintiff's law school transcript;
- Loyola agrees to permanently restrict access to Student Conduct file case number 2025018301 (meaning that no one can access or review this conduct file without approval of the Vice President of Student Affairs and Office of the General Counsel, except as required by law or regulation, such as reporting to governmental agencies, or authorized by Plaintiff Joshua Chronicles);
- Loyola agrees not to initiate contact with third parties about Joshua Chronicles, other than as required by law or regulation such as reporting to governmental agencies, but if contacted can respond truthfully to inquiries from third parties, including universities, bar admission offices and character and fitness examiners about Plaintiff.

4.0 **Obligations of Joshua Chronicles, Plaintiff**

As consideration for this Settlement Agreement, Joshua Chronicles:

- agrees that he will immediately withdraw, in writing, from Loyola University,
- agrees not to apply for admission in the future to any school or department within Loyola University;
- agrees to comply with his current campus ban from Loyola University, meaning that he will permanently stay away and refrain from entering Loyola University's campus or property for any reason;

Initial RJC ______JC
______XC

- agrees that he will not contact or communicate for any reason with any Loyola University employee, faculty or staff, and that future necessary communications will be directed only to Loyola's Office of General Counsel.
- agrees that he will not disparage Loyola University or its employees, faculty or staff, under his own name, or anonymously, or under the identity of someone else, by any method (personal communication, print, media, internet, social media, etc.). Chronicles affirms that he understands that the word "disparage" in this context means to criticize in a negative way that belittles, degrades, demeans or damages reputation or business interests – whether or not he believes the statement(s) to be true.
- understands that he may truthfully respond, under his own name only, to questions from other colleges and universities, schools, state bars, and character & fitness examiners. Notwithstanding the confidentiality provision below, Plaintiff may truthfully disclose to bar examiners, law schools, and character & fitness examiners that the matter was resolved through this Agreement and that the transcript notation was removed, without disclosing the settlement amount or any other specific terms of this Agreement.
- agrees that within three (3) days of receipt of payment he will file a Motion to Dismiss the Lawsuit with prejudice, and will file a joint stipulation of dismissal with Loyola under FRCP 41(a)(1)(A)(ii).
- Specifically affirms that he has not filed, and will not file, any suit, administrative charge or complaint against Loyola or any of its employees, other than the Lawsuit referenced in Recital "A" above.
- Specifically affirms and binds himself to make no further claims against Loyola or its

Initial RJC
______JC
______XC

employees, faculty and staff, in any forum, with regard to any of the claims released in this Agreement and any matter that arose prior to the date that he signs this Agreement.

Initial
RJC
______JC
______XC

- Specifically affirms and binds himself to keep confidential the terms of this Agreement. In response to any inquiry concerning the status of the Lawsuit, Plaintiff agrees to respond only that "all disputes have been amicably resolved," or words that are substantially identical, and that he will not indicate an amount or dollar range of settlement or divulge any terms of the Agreement.

5.0 **Adequate Consideration**

Plaintiff and Loyola agree and acknowledge that the payment of the sum stated in Section 2.0 of this Settlement Agreement, and the obligations set forth in Sections 3.0 and 4.0, represent a full, complete, final and binding compromise of matters involving disputed claims; that the payment and covenants herein shall not be considered an admission of any liability or wrongdoing; and that no past or present wrongdoing on the part of either Party shall be implied by this settlement.

6.0 **No Responsibility for Attorneys' Fees**

Plaintiff agrees that Loyola is not liable for any of his attorney's fees or costs arising from his prosecution or settlement of the Lawsuit. The Parties agree that they shall each bear their own costs and attorneys' fees on all matters covered by this Agreement.

7.0 **Confirmation of Understanding of This Agreement**

By entering into this Settlement Agreement, Plaintiff represents that: he is aware of the legal consequences of this Settlement Agreement; he is aware that this Agreement is a legally binding document; he has completely read the terms of this Agreement; he understands and voluntarily accepts the terms of this Agreement; he believes this is a fair and reasonable settlement; he understands that this Agreement terminates all claims or rights of action by him of any nature against Loyola; and that he has had the opportunity to consult with his attorney with respect to this

Initial
______ JC
______ XC

Agreement.

7.1 Chronicles certifies that he is under no disability or impairment that has affected his decision to knowingly and voluntarily enter into this Agreement with full understanding of its terms and conditions.

7.2 Chronicles further agrees and affirms that no statements, representations, promises, undue influence or threats have been made by Loyola or any of its employees or agents to influence him to sign this Agreement, other than the statements set forth in this Agreement.

8.0 **Governing Law**

The Parties agree that this Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Louisiana and any applicable federal laws, and that this Agreement shall be enforced by the United States District Court for the Eastern District of Louisiana.

9.0 **Entire Agreement and Successors-in-Interest**

The Parties agree that this Agreement contains the entire agreement between Plaintiff and Loyola with regard to the matters set forth in it and shall be binding upon the executors, administrators, personal representatives, heirs, successors and assigns of the Parties.

10.0 **Severability**

The Parties agree and acknowledge that the clauses contained herein are separate and distinct and that should any applicable federal or state law, or determination of any administrative agency or court of competent jurisdiction, determine any clause or clauses to be declared null and void or otherwise ineffective, the provisions so affected shall be automatically conformed to the law or determination, or shall be deemed severable, and the remaining unaffected clauses shall remain in full force and effect.

Initial
RJC
______JC
______XC

11.0 **Effective Date**

This Settlement Agreement shall become effective immediately following execution by the Plaintiff and Loyola below:

**PLAINTIFF:**

JOSHUA CHRONICLES | DATE

Signed by:
Rev. Joshua Chronicles
97B1048AC1514CB...

7/27/2026

**LOYOLA UNIVERSITY NEW ORLEANS:**

By: ________________________________ ________________________
Xavier A. Cole, Ed.D. | DATE
President