# APPENDIX A
# COMPARISON OF RECITED TERMS AND DEFENDANT'S PROPOSED AGREEMENT

| Topic | Recited July 1, 2026 (Rec. Doc. 81-5) | Defendant's Exhibit 1 (Rec. Doc. 81-2) | Assessment |
|---|---|---|---|
| Who may ask Plaintiff | "questions from other schools, other law schools, state bars, and character and fitness examiners" (4:15-17) | Only when "directly asked in writing by a bar admissions authority, law school, or character & fitness examiner" (at 5) | Narrowed |
| What the question must be | Any question | Only "whether this matter was resolved" (at 5) | Narrowed |
| Wording of response | "truthfully respond" (4:15-16) | "using the following language only" (at 5) | Added |
| Content of response | No restriction beyond truthfulness | "subject to a confidential Settlement Agreement" (at 5) | Added; no confidentiality term recited |
| Transcript and academic-record information | No restriction | "Under no circumstances" any "information regarding any change to his transcript or other academic records" (at 5) | Contradicts "truthfully respond" |
| Loyola's parallel right | "can respond truthfully" (4:2-5) | Loyola may "respond truthfully to inquiries from third parties, including universities, bar admission offices and character and fitness examiners" (at 4) | Asymmetric under Exhibit 1 |
| Confidentiality of terms | Not recited | Plaintiff "keep[s] confidential the terms of this Agreement" and answers inquiries only that "all disputes have been amicably resolved" (at 6) | Added |
| Tax obligations | Plaintiff "going to assume responsibility for any tax obligations" (4:19-21) | Adds indemnity: "indemnify and hold harmless Loyola from any claim for income tax, levies, assessments or fines" (at 3) | Added |
| Suits, charges, complaints | Not recited | "has not filed, and will not file, any suit, administrative charge or complaint against Loyola or any of its employees" (at 5) | Added |
| Meaning of "disparage" | No definition; truthful responses carved out (4:12-17) | Includes statements "whether or not he believes the statement(s) to be true" (at 5) | Added; conflicts with truthful-response carve-out |
| Contact with Loyola | "no contact with Loyola staff or students" (3:21-24) | Adds faculty and requires communications to go "only to Loyola's Office of General Counsel" (at 4-5) | Modified |
| Scope of release | "full release of claims" (3:24-4:1) | Extends to "students" and "all other persons, firms or corporations" affiliated with Loyola (at 3) | Broader than recited |

| Topic | Recited July 1, 2026 (Rec. Doc. 81-5) | Defendant's Exhibit 1 (Rec. Doc. 81-2) | Assessment |
|---|---|---|---|
| Certifications | Not recited | Settlement "fair and reasonable"; no disability or impairment affected his decision; no undue influence or threats by Loyola (at 6-7) | Added |

## APPENDIX B
## RECITED TERMS ON COMMUNICATIONS, FOR THE WRITTEN AGREEMENT

Loyola agrees not to initiate contact with third parties about Mr. Chronicles except as required by law, regulation, or preexisting contract, but can respond truthfully in such reporting and also if contacted by a third party. (Rec. Doc. 81-5 at 4:2-5.)

Mr. Chronicles agrees not to disparage Loyola University or its current or former employees/staff under his own name or anonymously or under the identity of someone else except that he may truthfully respond to questions from other schools, other law schools, state bars, and character and fitness examiners. (Rec. Doc. 81-5 at 4:12-17.)