## PART III — EXHIBIT LIST AND RELEVANT EXCERPTS

Exhibits 1 through 8 are already in the record. Plaintiff cites them by docket number and does not re-file them. Exhibit A is attached.

### A. Exhibit Index

| Ex. | Document (record cite) | Relevance |
|---|---|---|
| 1 | Transcript of July 1, 2026 settlement recitation (Rec. Doc. 81-5) | Recites the agreed terms. Truthful-response exception (Tr. 4:12–17); Loyola's reciprocal right (Tr. 4:2–5); "full release of claims" (Tr. 3:24–4:1); Court's approval and retained jurisdiction (Tr. 5:12–6:8). Supports Arguments I, II, III. |
| 2 | Loyola's proposed Settlement Agreement (Rec. Doc. 81-2) | §3.0 lets Loyola respond truthfully, unscripted (at 4). §4.0 scripts Plaintiff's answers and requires the "has not filed" affirmation (at 5–6). §§1.2, 2.0, 7.0–7.2 add terms. §9.0 integration clause (at 7). Supports Arguments II–IV, VI. |
| 3 | June 29–30, 2026 emails among counsel and chambers (Rec. Doc. 81-4) | Pre-recital term lists keep the truthful-response exception and contain no script or confidentiality term (at 3–4, 7). Counsel reports a deal (at 2–3). Supports Arguments I, II. |
| 4 | July 21 and July 27, 2026 emails; July 27 signed draft (Rec. Doc. 81-6) | Draft signed "in case it is amenable to Loyola" (at 1); Loyola's July 21 draft (at 2); signed §4.0 (at 17), §9.0 (at 20), signature (at 21). Supports Argument V; candor as to Argument III. |
| 5 | August 7, 2026 email from Loyola's counsel (Rec. Doc. 81-7) | States Loyola's objection (an unsolicited right) and first proposes the script (at 1). Supports Arguments II, V. |
| 6 | Loyola's Memorandum in Support (Rec. Doc. 81-1) | Describes the recited exception (at 2); "compromise actually recited" (at 9); asks for an agreement "conforming to the terms recited" (at 10). Supports Arguments II, VII. |
| 7 | Minute Entry and Order of Dismissal (Rec. Docs. 76, 77) | Terms memorialized on the record; dismissal subject to reopening; jurisdiction retained. Framework; Argument I. |
| 8 | Declaration of Joshua Chronicles (Rec. Doc. 85) | Complaints naming Loyola remain open with the VA and the Department of Education. Supports Argument III. |
| A | Plaintiff's Proposed Conformed Settlement Agreement (attached) | Tracks the recitation; adopts the response paragraph; preserves agency communications; recited terms control. Supports Argument VII. |

### B. Relevant Excerpts

**Exhibit 1 — July 1, 2026, Transcript (Rec. Doc. 81-5)**

> "Loyola agrees to permanently restrict access to Student Conduct File Case No. 2025018301. 'Permanently restrict' in this case will mean that no one can access or review this conduct file without the approval of the Vice President of Student

Affairs and the Office of the General Counsel at Loyola unless releasing the file is required by law or regulation or for reporting to government agencies or authorized by Mr. Chronicles." (Tr. 3:8–15.)

"[H]e agrees that he will dismiss this case with prejudice and sign a full release of claims which will be included in the settlement agreement." (Tr. 3:24–4:1.)

"Loyola agrees not to initiate contact with third parties about Mr. Chronicles except as required by law, regulation, or preexisting contract, but can respond truthfully in such reporting and also if contacted by a third party." (Tr. 4:2–5.)

"Mr. Chronicles agrees not to disparage Loyola University or its current or former employees/staff under his own name or anonymously or under the identity of someone else except that he may truthfully respond to questions from other schools, other law schools, state bars, and character and fitness examiners." (Tr. 4:12–17.)

"And Loyola agrees to pay the sum of -- the gross sum of $15,000 to Mr. Chronicles. No withholdings will be made, and Mr. Chronicles is going to assume responsibility for any tax obligations from that." (Tr. 4:18–21.)

"The Court specifically approves the terms of the settlement agreement that's been reached today and recited into the record. Those terms will be incorporated by reference into an order of dismissal. This Court will retain jurisdiction over the parties and their settlement agreement for purposes of enforcing that agreement should any controversies arise over the terms of the agreement or any party's performance of its obligations under the agreement." (Tr. 5:25–6:8.)

**Exhibit 2 — Loyola's Proposed Agreement (Rec. Doc. 81-2)**

§3.0: Loyola "can respond truthfully to inquiries from third parties, including universities, bar admission offices and character and fitness examiners about Plaintiff." (at 4.)

§4.0: Plaintiff "understands that he may truthfully respond, under his own name only, to questions from other colleges and universities, schools, state bars, and character & fitness examiners. Notwithstanding the confidentiality provision below, if Plaintiff is directly asked in writing by a bar admissions authority, law school, or character & fitness examiner whether this matter was resolved, Plaintiff may respond using the following language only: 'This matter was resolved and is subject to a confidential Settlement Agreement.' Under no circumstances shall Plaintiff ever disclose a range or amount of settlement, or any information regarding any change to his transcript or other academic records, or any term of this Agreement." (at 5.)

§4.0: Plaintiff "[s]pecifically affirms that he has not filed, and will not file, any suit, administrative charge or complaint against Loyola or any of its employees, other than the Lawsuit referenced in Recital 'A' above." (at 5.)

**Exhibit 5 — August 7, 2026 Email (Rec. Doc. 81-7)**

"This is an important point for us, because your edit created an affirmative right for him that we did not agree to, and gave him the right to do this whether or not he was responding to an actual inquiry about it." (at 1.)

**Exhibit 6 — Loyola's Memorandum (Rec. Doc. 81-1)**

"Loyola is entitled to enforce the compromise actually recited and to decline a term outside it." (at 9.)

Requested relief (3): "Order Plaintiff to execute the written settlement agreement . . . conforming to the terms recited into the record." (at 10.)