**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOSHUA CHRONICLES** | * | **CIVIL ACTION NO. 25-2211** |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| **LOYOLA UNIVERSITY NEW ORLEANS** | * * | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| * * * * * * | * | * * * * * * |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant Loyola University New Orleans ("Loyola") respectfully submits this brief Reply Memorandum in support of its Motion to Enforce Settlement Agreement (Rec. Doc. 81).

## I. Plaintiff Has Agreed That There Is A Binding Settlement In This Case

Plaintiff admits in his opposition memoranda that there is a valid settlement agreement in place that fully resolves this matter. However, the confusing and contradictory statements in plaintiff's multiple opposition memoranda makes it difficult to determine what specific language in the settlement agreement submitted by Loyola (**Exhibit 1**)[1] he finds to conflict with the agreed upon terms in this case. As shown below in Section II of this memorandum there is only one single provision in the Settlement Agreement (**Exhibit 1**) related to confidentiality to which Plaintiff objected, prompting this recent barrage of filings. But in reality, the plaintiff had already agreed to the same language to which he now objects, making his objection meritless.

## II. The Confidentiality Language At Issue Was Already Agreed To By The Plaintiff

As stated in Loyola's Motion to Enforce, Loyola and the Plaintiff agreed to every single term in the written settlement agreement attached to Defendant's Motion to Enforce as **Exhibit 1**,

---

[1] All exhibit references in this Reply refer to exhibits previously attached to Defendant's Motion to Enforce (Rec. Doc. 81).

except that Plaintiff objected to the following language that was proposed by Loyola's counsel to plaintiff's counsel by email dated August 7, 2026 (**Exhibit 6**):

> Notwithstanding the confidentiality provision below, if Plaintiff is directly asked in writing by a bar admissions authority, law school, or character & fitness examiner whether this matter was resolved, Plaintiff may respond using the following language only: "This matter was resolved and is subject to a confidential Settlement Agreement." Under no circumstances shall Plaintiff ever disclose a range or amount of settlement, or any information regarding any change to his transcript or other academic records, or any term of this Agreement.

*See* **Exhibit 1**, Section 4.0.

Instead of responding to this proposed language that was sent by Loyola's counsel to Plaintiff's counsel on 8/7/26, the Plaintiff fired his attorney and then filed a Motion for a status conference vaguely stating he was challenging the Settlement Agreement.

The proposed language set forth above comports with the settlement reached by the parties because it mirrors the confidentiality provision that plaintiff had already agreed to in the same section of the Settlement Agreement set forth below:

> [Chronicles] Specifically affirms and binds himself to keep confidential the terms of this Agreement. In response to any inquiry concerning the status of the Lawsuit, Plaintiff agrees to respond only that "all disputes have been amicably resolved," or words that are substantially identical, and that he will not indicate an amount or dollar range of settlement or divulge any terms of the Agreement.

*See*, Settlement Agreement (**Exhibit 1**), Section 4.0. To be clear, this confidentiality provision was included in the Settlement Agreement that plaintiff signed, agreed to, and sent to Loyola's counsel on July 27, 2026 (**Exhibit 5**).

Accordingly, before Loyola even proposed the confidentiality language that Plaintiff objected to on August 7, 2026, the plaintiff had already agreed to nearly identical language obligating him to keep the terms and the amount of the settlement confidential and to only respond to inquiries about the settlement by stating that "all disputes have been amicably resolved."

Accordingly, Plaintiff has no basis to object to the written Settlement Agreement in **Exhibit 1**.

## III. <u>There Is No Need For An Evidentiary Hearing On this Motion To Enforce</u>

Plaintiff has articulated no valid reason to hold an evidentiary hearing on Defendant's Motion to Enforce. The Court need only review the signed agreement that plaintiff's counsel emailed to Loyola on July 27, 2026 **(Exhibit 5**) and compare it with the one proposed change by Loyola submitted on August 7, 2026 (**Exhibit 6**) to determine that all of the language in **Exhibit 1** has been agreed to by the parties, and that the Agreement is consistent with settlement terms recited in open Court on July 1, 2026 (**Exhibit 4**, Transcript).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Loyola University New Orleans respectfully requests that the Court:

(1) Grant its Motion to Enforce the Settlement Agreement;

(2) Declare that the settlement reached on June 29, 2026 and recited into the record in open court on July 1, 2026 is a valid, binding, and enforceable compromise;

(3) Order Plaintiff to execute the written settlement agreement (attached to the Motion to Enforce as **Exhibit 1**) conforming to the terms recited into the record, and to perform all of his obligations thereunder;

(4) Direct that, upon Plaintiff's performance, Loyola shall perform its reciprocal obligations, including removal of the suspension notation, sealing of the conduct file, and payment of $15,000.00;

(5) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Charles D. Marshall, III*
Julie D. Livaudais (#1138)
Charles D. Marshall, III (#27564)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, Louisiana 70163
Tel.: (504) 585-7000
Facsimile: (504) 585-7075
E-Mail: livaudais@chaffe.com
marshall@chaffe.com

***Counsel for Loyola University New Orleans***

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 23rd day of October 2026 caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.

*/s/ Charles D. Marshall, III*