UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA CHRONICLES** | **CIVIL ACTION NO. 25-2211** |
| **VERSUS** | **SECTION "C"(5)** |
| **LOYOLA UNIVERSITY NEW ORLEANS** | JUDGE WILLIAM J. CRAIN |
| | MAGISTRATE JUDGE MICHAEL B. NORTH |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (REC. DOC. 81)**

NOW INTO COURT comes Plaintiff, Joshua Chronicles, who submits this sur-reply to Defendant's Reply Memorandum (Rec. Doc. 90).

## I. INTRODUCTION

Defendant's reply makes two points. First, it says Plaintiff concedes that a binding settlement exists. That is correct and has never been in dispute. Second, it says the disclosure language Defendant proposed on August 7, 2026 "mirrors" a confidentiality provision Plaintiff "had already agreed to." (Rec. Doc. 90 at 1-2.) Defendant's own exhibits show otherwise. And the reply never addresses the term the Court approved on July 1, 2026: that Plaintiff "may truthfully respond to questions from other schools, other law schools, state bars, and character and fitness examiners." (Rec. Doc. 81-5 at 4:15-17.)

## II. ARGUMENT

### A. The question is the scope of the recited settlement, not whether one exists.

Plaintiff does not dispute that the settlement recited on July 1, 2026, is binding, and he will sign a written agreement that records it. Defendant's own request for relief asks the Court to order an agreement "conforming to the terms recited into the record." (Rec. Doc. 90 at 3.) The reply never quotes the recited term that governs the dispute. It does not mention the word

"truthfully," although that word appears in the recitation for both parties. (Rec. Doc. 81-5 at 4:2-5, 4:15-17.)

**B. The August 7 language was not "already agreed to."**

*First*, Defendant's reply states that the language "was proposed by Loyola's counsel to plaintiff's counsel by email dated August 7, 2026," and that Plaintiff "objected" to it. (Rec. Doc. 90 at 2.) Defendant's counsel offered it as a replacement: "How about this for a revision in place of your proposed edit." (Rec. Doc. 81-7 at 1.) Language first proposed on August 7 and objected to cannot have been agreed to on July 27.

*Second*, the July 27 version did not contain Defendant's language. It contained Plaintiff's edit: "Notwithstanding the confidentiality provision below, Plaintiff may truthfully disclose to bar examiners, law schools, and character & fitness examiners that the matter was resolved through this Agreement and that the transcript notation was removed . . . ." (Rec. Doc. 81-6 at 17.) Counsel sent it "in case it is amenable to Loyola." (*Id.* at 1.) Defendant rejected the edit. (Rec. Doc. 81-7 at 1.) A signature on a version that carries a carve-out Defendant rejected is not assent to Defendant's substitute. Under Louisiana law, "[a]n acceptance not in accordance with the terms of the offer is deemed to be a counteroffer." La. Civ. Code art. 1943. Plaintiff did not accept Defendant's counteroffer, and his not doing so is not assent. *See* La. Civ. Code art. 1942 (silence is acceptance only where special circumstances lead the offeror reasonably to believe a contract has been formed).

*Third*, the July confidentiality bullet is not "nearly identical" to the August 7 text. (Rec. Doc. 90 at 2.) The July bullet concerns "any inquiry concerning the status of the Lawsuit," and permits a response of "all disputes have been amicably resolved," or "words that are substantially identical." (Rec. Doc. 81-6 at 19.) The August 7 text is different in four ways. It

addresses inquiries from bar admissions authorities, law schools, and character and fitness examiners. It permits "the following language only." It requires the words "confidential Settlement Agreement." And it bars "any information regarding any change to his transcript or other academic records." (Rec. Doc. 81-2 at 5.) The last prohibition appears nowhere in the July 27 version. Removal of the suspension notation is itself a recited term (Rec. Doc. 81-5 at 3:5-7), so a ban on information about it restricts what Plaintiff may truthfully say. The Comparison Table in Appendix A shows the differences.

*Fourth*, the bullet that precedes the disputed text states a right to "truthfully respond" without any script, in both the July 27 version and Defendant's Exhibit 1. (Rec. Doc. 81-6 at 17; Rec. Doc. 81-2 at 5.) The drafts and the transcript therefore agree on the standard. Defendant's script is the departure.

**C. Defendant's reply does not answer the departures from the recited term.**

The recited term lets Plaintiff respond truthfully to "questions" from four categories of inquirer. Defendant's text limits him to written questions asking whether the matter "was resolved," requires one sentence, bars transcript information, and compels a statement that the agreement is "confidential," a term never recited. (Rec. Doc. 81-2 at 5; Rec. Doc. 81-5 at 3:5-4:21.) Defendant's own draft allows Loyola to "respond truthfully" to the same examiners (Rec. Doc. 81-2 at 4), as the recitation provides (Rec. Doc. 81-5 at 4:2-5). The reply responds to none of this. Nor does it renew Defendant's original objection that Plaintiff's edit would let him "initiate conversations." (Rec. Doc. 81-1 at 4.) Plaintiff accepts that the recited term permits truthful responses to inquiries and does not authorize him to initiate contact, as Appendix B reflects. The reply also does not respond to the other unrecited provisions that Plaintiff identified in Rec. Doc. 85.

**D. The Court can enforce the recited term on the documents; a limited hearing is the alternative.**

Defendant says the Court need only compare the July 27 version with the August 7 text. (Rec. Doc. 90 at 3.) That comparison shows that Defendant's text was not in the signed version and was a counteroffer. The Court can therefore resolve the dispute by conforming Section 4.0 to the recited term. If the Court finds any question of assent unresolved, Plaintiff requests a limited evidentiary hearing on Section 4.0. *Cf. Wise v. Wilkie*, 955 F.3d 430 (5th Cir. 2020) (quoting *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984)) ("the parties must be allowed an evidentiary hearing on disputed issues of the validity").

## III. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Enforce the settlement as recited on July 1, 2026 (Rec. Doc. 81-5), and only as recited;

2. Deny Rec. Doc. 81 to the extent it asks the Court to compel Plaintiff to execute Exhibit 1 with Section 4.0 as drafted by Defendant on August 7, 2026;

3. Order that Section 4.0 and any other provision of the written agreement conform to the recited terms stated in Appendix B, and that the written agreement omit the other unrecited provisions identified in Rec. Doc. 85;

4. Order the parties to execute that agreement within seven (7) days of the Court's order;

5. In the alternative, set a limited evidentiary hearing on Section 4.0; and

6. Grant all other relief the Court finds just.

Respectfully submitted,

Joshua Chronicles, Plaintiff, appearing on his own behalf
6324 Chef Menteur Hwy, Apt 209
New Orleans, LA 70126
325-280-3240
joshuachroniclescase@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 24, 2026, I submitted the foregoing to the Clerk of Court through the Court's electronic document submission system, and that notice will be sent to counsel of record for Defendant through the Court's CM/ECF system.

Joshua Chronicles